AMES & FROST ET AL., APPELLANTS, v. HESLET ET AL.,
.RESPONDENTS.

Submitted January 25, 1897.   Decided February 8, 1897.]

*Corporations—Insolvent  Assignment  with  Preferences—Lien
of Creditors.*

CORPORATIONS—*Power to Prefer Creditors in Assignment.*—An insolvent corporation, in
   the absence of any statute to the contrary, has the power to make an assignment for
   the benefit of creditors with preferences.
CORPORATIONS—*Trust Fund.*—Although the property of a corporation may be a trust
   fund for its creditors, that does not give such creditors a lien upon such assets.

*Appeal from District Court, Silver Bow County.   J. J.
McHatton, Judge.*

ACTION by the Ames & Frost Company and others against
James K. Heslet and others to set aside an assignment for the
benefit of creditors of the J. Chauvin Northwestern Furniture
Company.   From a judgment for defendants, and from an
order denying a motion for new trial, plaintiffs appeal.   Af-
firmed.

Statement of the case by the justice delivering the opinion.

The J. Chauvin Northwestern Furniture Company, a cor-
poration of Butte, Mont., being unable to pay its debts, and
being threatened by W. A. Clark & Bro., one of its largest
creditors, with an attachment suit, executed a general assign-
ment for the benefit of its creditors, in which said W. A. Clark
& Bro. and several other creditors were preferred.   Plaintiffs,
as judgment creditors of the corporation, instituted an action
to set aside this assignment.   The following stipulation was
entered into between the plaintiffs and defendants in the lower
court :   "It is agreed between the parties hereto that the
question to be tried before the court is whether an insolvent
corporation, under the law, can make an assignment of its en-
tire property and assets, and in such an assignment prefer one
creditor to another, under the facts hereinbefore recited.
This is the only issue to be determined in this cause."   Judg-

ment was rendered for the defendants, and plaintiffs appeal from the judgment and the order denying a motion for a new trial.

*Forbis & Forbis* and *Bangs, Wood & Bangs*, for Appellants.

*Corbett & Wellcome*, for Respondents.

BUCK, J.—The determination of this appeal depends upon whether or not an insolvent corporation can make an assignment for the benefit of creditors, with preferences. Appellants' counsel .insist that such an assignment is void. Their reasoning is substantially as follows : The assets of the corporation constitute a trust fund for its creditors, to which equitable liens at once attach in favor of each and every creditor upon insolvency. An insolvent corporation stands upon a different footing from an insolvent individual, because with insolvency the legal existence of the former is virtually at an end, while in the case of the latter he may subsequently accumulate property and pay all his debts. They and the judges and text writers who support this view urge that it is most unjust and illogical to hold that such a corporation, by an assignment of its entire property,—an act which in itself prevents any resumption of business operations,—should be permitted to favor one lienholder at the expense of another.

There are innumerable authorities replete with arguments for and against this contention, and it would be an act of supererogation for us in the present opinion to enter into an elaborate discussion of a subject which has been so thoroughly exhausted. For the details of the arguments pro and con, we cite the following, among the many called to our attention : 2 Mor. Priv. Corp., §§ 782, 786, 863; 5 Thompson on Corporations, §§ 6466, 6492-6496; *Lyons-Thomas Hardware Co.* v. *Perry Stove Manufacturing Co.* (Tex. Sup. 22 Lawy. Rep. Ann. 802, note; s. c. 24 S. W. 16; *Thompson* v. *Lumber Co.* (Wash.) 30 Pac. 741; *Rouse* v. *Bank*, 46 Ohio St. 493, 22 N. E. 293; 4 Am. & Eng. Ency. Law (1st Ed.) page 220, note; 2 Cook, Stock, Stockh. & Corp. Law, § 691. The great

weight of authority is against appellants, and, in our opinion, is based on the better line of reasoning.   In many of the cases cited, particularly those in federal courts, the statement is made that the assets of a corporation are a trust fund for its creditors; but it does not follow that even these courts intended by this expression to hold that creditors, by virtue of their mere attitude as such, have any lien upon the actual, tangible property of a corporation,—that property which belongs to it for its business operations, and which is primarily liable for its debts, as distinguished from any secondary liability of directors or stockholders.   In our opinion, there is no such lien.   The trust-fund doctrine, as invoked by appellants to sustain it, impresses us as an unsubstantial theory, constructed of judicial expressions selected without regard to their context or the facts in reference to which they were uttered.   We refer, of course, to the cases where the adoption of the doctrine only appears inferentially.   All this reasoning against upholding preferences in assignments by insolvent corporations should be addressed to legislatures, rather than the courts.   The policy of allowing such preferences may be pernicious, even more so than that of allowing an insolvent individual to prefer creditors; but in the one class, as in the other, it is for the legislature to decide the question of policy, not the courts.   There was nothing in the statutes of Montana in force when this controversy arose forbidding such assignments; and, according to a large majority of the authorities, insolvent corporations and insolvent individuals are upon the same plane at common law in respect to them.   As to any distinction between the status of a solvent and insolvent corporation in this connection, this court held in *Gans* v. *Switzer*, 9 Mont. 408, 24 Pac. 18, that the fact that an insolvent corporation had transferred all its property to one of its creditors, and abandoned business, did not dissolve it.   For these reasons, the order denying the motion for a new trial and the judgment of the lower court are affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.