PRUDENTIAL SECURITIES CO., Respondent, *v.* THREE FORKS, H. & M. VALLEY R. CO., Appellant.

(No. 3,444.)

(Submitted September 19, 1914.  Decided November 8, 1914.)

[144 Pac. 158.]

*Receivers—Improper Appointment—Corporations—Trust Fund Doctrine.*

Receivers—Appointment—Insufficient Showing.
    1.  Receivership is an extraordinary remedy, never to be allowed except upon a showing that it is necessary; and such a showing was not made by mere insolvency, nor by conduct on defendant company's part the result of which might be a forfeiture of its corporate rights.

    [As to when it is proper to have a receiver appointed, see note in 72 Am. St. Rep. 29.]

Corporations—How not Dissolved.
    2.  A corporation does not cease to exist, nor are its corporate rights forfeited automatically, because of the occurrence of a cause of dissolution or forfeiture.

Receivers—Improper Appointment—Attachment—Execution.

3. The complaint alleged that plaintiff's claim was less than $2,500 and that defendant company's property was worth about $40,000, against which liens were filed to the amount of about $30,000 more than a year before the commencement of this action; there was no allegation that any suits had been brought to enforce such liens. *Held,* a receiver was improperly appointed under the rule that a receivership is not allowed where the party asking for it has or may have an attachment or execution.

[As to when and at whose instance a receiver may be appointed for a corporation, see notes in 72 Am. St. Rep. 39, 70; 118 Am. St. Rep. 198.]

Corporations—Trust Fund Doctrine.

4. The doctrine that the property of a corporation is a trust fund for the benefit of all its creditors, no one of whom is permitted to secure a preference, does not prevail in Montana.

[As to a corporation's right to make preference in favor of a creditor, see notes in 42 Am. St. Rep. 767; 45 Am. St. Rep. 826.]

*Appeal from District Court, Gallatin County; Ben B. Law, Judge.*

ACTION by the Prudential Securities Company against the Three Forks, Helena & Madison Valley Railroad Company. From an order denying defendant's motion to vacate a receivership, it appeals. Reversed.

*Messrs. Hartman & Hartman,* for Appellant, submitted a brief; *Mr. Walter E. Hartman* argued the cause orally.

*Mr. John A. Luce* and *Mr. E. W. Wullenwaber,* for Respondent, submitted a brief; *Mr. Luce* argued the cause orally.

The sole question before the court is: Did the judge of the district court abuse his discretion by continuing the receiver upon the facts shown at the hearing? The application to vacate or revoke the order of appointment of a receiver is addressed to the sound discretion of the court. (34 Cyc. 160 (b); High on Receivers, 4th ed., sec. 25.) Every presumption is in favor of the validity of the order of the lower court, and this court will not be justified in disturbing its order upon the evidence, unless it is clearly shown that only a question of law is presented. (*Chicago & S. E. Ry. Co.* v. *Kenney,* 159 Ind. 72, 62 N. E. 26.) The court will not weigh the evidence on appeal. (*Sheridan Brick Works* v. *Marion Trust Co.,* 157 Ind. 292, 87 Am. St. Rep. 207, 61 N. E. 666.)

It has repeatedly been held that the capital and assets of a corporation constitute a trust fund for the benefit of creditors which neither the officers nor stockholders can divert or waste. One of the clearest statements of the extent of this trust and just what the creditors' lien consists of was given in *Ford* v. *Plankington Bank,* 87 Wis. 363, 58 N. W. 766. The same doctrine was announced in *Marr* v. *Bank of West Tennessee,* 4 Cold. (Tenn.) 471. (See, also, 10 Cyc. 653; *Wood* v. *Dummer,* 3 Mason, 308, Fed. Cas. No. 17,944; *Sawyer* v. *Hoag,* 17 Wall. 610, 21 L. Ed. 731; *Sanger* v. *Upton,* 91 U. S. 56, 23 L. Ed. 220; *Washington Liquor Co.* v. *Alladio Cafe Co.,* 28 Wash. 176, 68 Pac. 444; *Holshouser* v. *Gold Hill Copper Co.,* 138 N. C. 248, 70 L. R. A. 183, 50 S. E. 650; *Hightower* v. *Thornton,* 8 Ga. 486.)

There is no doubt of the authority to appoint the receiver, under the facts of this case. The fact that the plaintiff has not recovered judgment is not a valid objection to his right to apply for the enforcement of the general equity in behalf of all the creditors. (*Jones* v. *Mutual Fidelity Co.,* 123 Fed. 506; *Bank of St. Marys* v. *St. John,* 25 Ala. 566; *Conro* v. *Gray,* 4 How. Pr. 166; 2 Morawetz on Private Corp., secs. 797, 798, 897; *St. Louis & Sandaval Coal & Min. Co.* v. *Edwards,* 103 Ill. 472; *Sanger* v. *Upton,* 91 U. S. 60, 23 L. Ed. 220; *Holt* v. *Bancroft,* 30 Ala. 193; *Case* v. *Beauregard,* 101 U. S. 688, 25 L. Ed. 1004.) In Indiana the statute is quite similar to ours, and in a suit by a creditor upon promissory notes, a receiver was appointed in a case no stronger than the case at bar, in *Sheridan Brick Works* v. *Marion Trust Co.,* 157 Ind. 292, 87 Am. St. Rep. 207, 61 N. E. 666.

The fact that Burroughs, the receiver, was a creditor in a small amount did not disqualify him to act. (34 Cyc. 143; *In re Eckhardt Mfg. Co.,* 114 La. 119, 38 South. 78; *Moran* v. *Wayne Circuit Judge,* 125 Mich. 6, 83 N. W. 1004; 23 Am. & Eng. Ency. of Law, 2d ed., 1034.)

MR. JUSTICE SANNER delivered the opinion of the court.

Without notice and before service of summons the court below appointed a receiver for the properties of the appellant upon a complaint of the respondent filed on November 1, 1913, seeking a money judgment in the sum of $2,251.24, being the principal sum and protest fee of an unpaid check. As special grounds for the appointment of a receiver it is alleged that the appellant was incorporated on March 20, 1912, for the purpose of constructing and operating a line of railway between Helena and points in Gallatin valley; that it procured rights of way and has graded a portion of its roadbed but has failed to complete fifteen miles of any part of its line, or any branch or extension thereof, and has forfeited its corporate rights; that it is insolvent and has no property save the right of way and partially constructed roadbed above mentioned, and some office fixtures, all of the value of $40,000; that it is indebted to various persons to an aggregate amount exceeding such value, and is unable to complete its roadbed or keep the same in repair, and the same is being damaged by the elements and by use of a part thereof as a wagon roadway; that the appellant "allowed the A. B. Bennett Company, a creditor of defendant, to file a lien upon said right of way and roadbed on the 2d day of October, 1912, to secure the sum of $27,461.06, * * * and on the 28th day of October, 1912, allowed one G. T. Morris to file a mechanic's lien upon said property for the sum of $360.40," which liens have not been paid or satisfied; that new indebtedness is being constantly created, "thereby tending to diminish the fund out of which the plaintiff and other creditors can recover the indebtedness due from defendant, and if allowed to continue to do so, said property and fund will be greatly impaired, a large portion thereof lost to the creditors * * * and materially injured, and that there is immediate danger of the same by reason of all the facts herein set forth." Within twenty days after service of summons the appellant filed a demurrer to the complaint and a motion to strike therefrom all the allegations made in support of the prayer for a receiver,

and at the same time moved the court upon several grounds to vacate the order appointing the receiver. The demurrer and motion to strike were overruled. Upon the hearing of the motion to vacate the receivership, the court, over appellant's objection, permitted respondent to file two certain affidavits as in support of the receivership, and later entered an order denying the motion to vacate. The present appeal is from that order.

The principal question presented is whether a sufficient showing was made to warrant the receivership. The respondent contends that a sufficient showing was made under the provisions of section 6698, subdivision 5, Revised Codes. Those provisions are as follows: "A receiver may be appointed by the court in which an action is pending, or by the judge thereof: * * * 5. In cases when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency or has forfeited its corporate rights." This section is to be read, of course, in [1] connection with the recognized principle that receivership is an extraordinary remedy, never to be allowed except upon a showing that it is necessary. (*Berryman* v. *Billings Mut. Heating Co.*, 44 Mont. 517, 523, 121 Pac. 280; *Brown* v. *Erb-Harper-Rigney Co.*, 48 Mont. 17, 27, 133 Pac. 691.) No such showing is made by mere insolvency (*Berryman* v. *Billings Mut. Heating Co.*, supra; *Forsell* v. *Pittsburg & Mont. Copper Co.*, 42 Mont. 412, 113 Pac. 479), nor, by a parity of reasoning, because the conduct of the corporation has been such that its corporate rights are subject to forfeiture. The complaint, it is true, alleges that the appellant has forfeited its rights by failure to complete the requisite portions of its line; but this amounts to no more than the averment of a condition upon [2] which a forfeiture might be had. That a corporation does not cease to exist, that its corporate rights are not forfeited automatically from the occurrence of a cause of dissolution or forfeiture, has been declared by this court on several occasions. (*Gans* v. *Switzer*, 9 Mont. 408, 24 Pac. 18; *Daily* v. *Marshall*, 47 Mont. 377, 133 Pac. 681; *Barnes* v. *Smith*, 48 Mont. 309, 137 Pac. 541.)

Moreover, the rule that a receivership is never to be allowed except upon a showing of necessity excludes such allowance [3] where the party has, or may have, an attachment or an execution. (*Berryman* v. *Billings Mut. Heating Co., supra; Forsell* v. *Pittsburg & Mont. Copper Co., supra.*)    Apparently, this was realized by the pleader and the effect sought to be avoided by alleging the Bennett and Morris liens; but the property in question is alleged to be worth $40,000, and, assuming the Bennett and Morris liens to be enforceable, there still remains for the satisfaction of respondent's claim for less than $2,500, a margin of over $10,000; and a receiver could do no more for the protection of respondent, in the face of those liens, than the respondent could do for itself. If, on the other hand, the Bennett and Morris liens are not enforceable—as appears to be the case, since no suits are alleged to have been brought upon them, although more than a year elapsed between their filing and the commencement of this action—then the respondent is in still better position to protect itself pending the suit, without a receiver.

The contention is earnestly made, however, that it was the right and duty of respondent to seek the receivership as a measure to protect itself and other creditors, because the property of a corporation is a trust fund for the benefit of all the creditors, no one of which is permitted to secure a preference. Upon the face of the complaint it is clearly indicated that respondent acted only for itself; and it is not true that any obligation rested upon it to consider either the interests of appellant [4] or those of other creditors.    The trust fund doctrine as invoked by counsel is not the law of this jurisdiction. (*Ames & Frost* v. *Heslet,* 19 Mont. 188, 61 Am. St. Rep. 496, 47 Pac. 805.)

It is not necessary to determine whether error was committed by the court in receiving and considering the affidavits presented on the hearing, because these affidavits did not and could not avoid the fact that respondent had an adequate remedy at

law.   This being true, the receivership was unauthorized and the order appealed from must be reversed.   So ordered.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

