MONTANA RANCHES CO., APPELLANT, *v.* DOLAN ET AL., RESPONDENTS.

(No. 3,946.)

(Submitted March 17, 1917.  Decided March 26, 1917.)

[164 Pac. 306.]

*Receivers—Discretion—Burden of Proof — Complaint—Insufficiency.*

Receivers—Appointment—Exercise of Power.
1.  Under section 6698, Revised Codes, the power to appoint a receiver is to be exercised sparingly and with unusual caution, and only to prevent manifest wrong imminently impending, or where there is no other plain, speedy or adequate remedy.

[As to when it is proper to appoint a receiver, see note in 72 Am. St. Rep. 29.]

Same—Discretion—Burden of Proof.
2.  An application for the appointment of a receiver is addressed to the sound legal discretion of the trial court; the burden of showing abuse of such discretion being upon appellant.

Same—Necessity of Appointment.
3.  Since the remedy by receivership is one never to be allowed except upon a showing of necessity therefor, appellant had the burden of showing such necessity.

Same—Complaint—Insufficiency.
4.  An allegation expressive of fear that crops sought to be placed in charge of a receiver might be removed and sold to innocent purchasers, was not a statement of fact justifying the district court to grant the relief asked for.

Same—Other Remedies Available.
5.   Where injunction would have prevented the threatened sale of crops before severance from the soil, and claim and delivery would have defeated the same purpose after severance, receivership was properly denied.

*Appeal from District Court, Lewis and Clark County; R. Lee Word, Judge.*

ACTION by the Montana Ranches Company against Thomas J. Dolan and wife. From an order denying application for the appointment of a receiver, plaintiff appeals. Affirmed.

*Messrs. Wight & Pew,* for Appellant, submitted a brief; *Mr. Chas. E. Pew* argued the cause orally.

All the cases which we find which deal with a state of facts similar to that involved in this case hold that the plaintiff is entitled to the appointment of a receiver. In *Corcoran* v. *Doll,* 35 Cal. 476, a receiver was appointed to take charge of growing crops. (High on Receivers, 2d ed., secs. 609–613; *Stuyvesant* v. *Grissler,* 12 Abb. Pr. (n. s.) 6; *Ireland* v. *Nichols,* 37 How. Pr. 222, 31 N. Y. Sup. Ct. 208; *Battle* v. *Davis,* 66 N. C. 252; *Countee* v. *Armstrong,* 8 Ohio Dec. 531.) In *McCasslin* v. *State,* 44 Ind. 151, the court also held: "Where a vendee in possession under a contract of sale is insolvent, and has committed waste, and threatens to cut down and remove timber, the court may appoint a receiver to take possession of the land, in a suit for the purchase money." The principle of these cases is applicable to the case at bar.

The rights of the plaintiff stand admitted. A notice of the forfeiture was given, a demand for possession was made and refused, and upon such refusal a suit was instituted for the purpose of canceling the contract and recovering possession, all in February, 1916, long prior to the sowing of any crops. The ownership of the crops went with the ownership of the land, subject to the rights of contract existing between the plaintiff and such owner. *Prima facie,* therefore, the plaintiff is entitled to these crops, and this action being an action in equity, it was

the duty of the court to overrule the demurrer, unless defend-
ants' answer discloses a *bona fide* claim of ownership or right
of possession.  (*Schmidt* v. *Williams*, 72 Iowa, 317, 33 N. W.
693; *Woody* v. *Wagner*, 89 Wash. 429, 154 Pac. 819; *Rowell* v.
*Klein*, 44 Ind. 290, 15 Am. Rep. 235.)   In the case of *Samson*
v. *Rose*, 65 N. Y. 411, the court held that one who sowed a crop
upon the property as to which an action in ejectment was pend-
ing did so at his peril, and that the title to the crops upon the
termination of the action in favor of the plaintiff reverted to
the plaintiff.   (*De Bow* v. *Colfax*, 10 N. J. L. 128.)   The court
below rested its decision upon the following cases, which we con-
tend are readily distinguishable: *Churchill* v. *Ackerman*, 22
Wash. 227, 60 Pac. 406; *Stockwell* v. *Phelps*, 34 N. Y. 363, 90
Am. Dec. 710; *Roney* v. *H. S. Halvorson Co.*, 29 N. D. 13, 149
N. W. 688; *Lynch* v. *Sprague Roller Mills*, 51 Wash. 535, 99
Pac. 578.

*Mr. Odell W. McConnell*, for Respondents, submitted a brief
and argued the cause orally.

The suit between the appellant and the defendants is still
pending and undetermined.  The appellant cannot anticipate
the result of the litigation and assume that it is entitled to the
possession of the lands by having a receiver appointed and put
in possession.  "The occupier of land is the owner of all crops
harvested during the term of his occupancy, whether the occu-
pier be a purchaser, in possession, or a mere trespasser, in
possession, holding adversely."  (*Lynch* v. *Sprague Roller
Mills*, 51 Wash. 535, 99 Pac. 578; *Churchill* v. *Ackerman*, 22
Wash. 227, 60 Pac. 406; *Clarke* v. *Clyde*, 25 Wash. 661, 66 Pac.
46; 24 Cyc. 1469.)   In *Stockwell* v. *Phelps*, 34 N. Y. 363, 90
Am. Dec. 710, it was held that when a party in possession of
lands, claiming adversely to all others, sells to a third party
the hay cut therefrom during such occupancy, the legal title
thereto passes to his vendee, as against the party claiming title
to said premises, although not in possession. (See, also,
*Brothers* v. *Hurdle*, 10 Ired. (32 N. C.) 490, 51 Am. Dec. 400;

*Dollar* v. *Roddenbery,* 97 Ga. 148, 25 S. E. 410; *Hinton* v. *Walston,* 115 N. C. 7, 20 S. E. 164; *Page* v. *Fowler,* 39 Cal. 412, 2 Am. Rep. 462.) "Where A sows, cultivates and harvests a crop on B's land, he is entitled to the crop as against B, if he does not abandon the crop before harvest, and this whether he is in possession lawfully or unlawfully." (*Adams* v. *Leip,* 71 Mo. 597; *Hinton* v. *Walston,* 115 N. C. 7, 20 S. E. 164; *Martin* v. *Thompson,* 62 Cal. 618, 45 Am. Rep. 663; *Faulcon* v. *Johnston,* 102 N. C. 264, 11 Am. St. Rep. 737, 9 S. E. 394.) A case practically identical with the case at bar is that of *Roney* v. *H. S. Halvorson Co.,* 29 N. D. 13, 149 N. W. 688.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In February, 1916, an action was commenced in the district court of Lewis and Clark county, the primary purposes of which were to secure the cancellation of a certain contract for the sale of real estate and the restitution of possession. In July following, and before a demurrer to the complaint had been disposed of, the plaintiff applied to the court for the appointment of a receiver. The application was denied and plaintiff has appealed from the order.

From the complaint we gain the following information: In May, 1914, the Montana Ranches Company, then having a right to sell a certain tract of land in Lewis and Clark county, entered into an agreement to sell the same and certain personal property to defendants for a stipulated price, a part of which was paid and the balance of which was to be paid in installments. Time was made of the essence of the agreement, and a provision was incorporated therein to the effect that if defendants failed to make any payment when due, the plaintiff at its option might declare the contract terminated, and thereupon all sums previously paid should be forfeited to the plaintiff, all rights of the defendants should immediately cease, and defendants should yield up possession to plaintiff. Under this agreement, defendants were let into possession of the premises about March 1, 1915,

and have since retained possession. On December 1, 1915, an installment of the purchase price, with interest, became due, but defendants failed to pay the same or any part, and in February, 1916, plaintiff notified defendants that it elected to exercise the option reserved to it in the contract, declared the contract forfeited, and demanded possession, which was refused. In the application for the appointment of a receiver, plaintiff alleges that it commenced the action above referred to, repeats the material allegations of its complaint, and then sets forth that the defendants are insolvent; that they are in the possession of the premises in controversy; that they are farming the same as their own; "that there are large quantities of alfalfa and other grasses growing upon said lands, as well as cultivated crops of great value; that there is danger that said crops will, if relief is not granted petitioner as hereinafter prayed, be removed and sold to innocent purchasers and the proceeds converted to the use of defendants, or that said crops will be consumed by defendants and converted to their own use; that the value of said crops is upwards of $1,500."

It is the contention of appellant that at the time its application was denied, the material allegations of its complaint were admitted by the demurrer interposed by defendants, and that, since plaintiff had exercised its option, had declared the contract forfeited, had notified defendants, and had demanded possession, all rights of defendants in or to the property were *prima facie* terminated, the title restored to plaintiff, and with it the right to immediate possession; that the ownership of the crops followed the ownership of the land, and therefore plaintiff was *prima facie* the owner of the crops. For the purpose of argument only, we will assume that these premises are correct; that as between plaintiff and defendants, the plaintiff was the owner and entitled to the possession of the land immediately upon giving notice of forfeiture, and that title to the crops then growing or afterward planted, followed the title and right of possession in plaintiff. and that, at the time this application was made,

53 Mont.—26

the crops had not matured or at least had not been severed from the soil.

The authority to appoint a receiver is conferred by section 6698, Revised Codes, but only in the instances therein enumerated. The present application does not bring the proceeding within any of the designated classes, unless it be the last one, *viz.:* "In all other cases where receivers have heretofore been appointed by the usages of courts of equity." The power to [1] invoke the extraordinary remedy by which property is taken into the possession of the court is to be exercised sparingly, with unusual caution, and only to prevent manifest wrong imminently impending, or where the case shows clearly that the complaining party is in danger of suffering irreparable loss and there is no other plain, speedy or adequate remedy. Where the application is made, as in this instance, before a decision adjudging the title to be in the applicant, the appointment, if made, amounts in effect to a levy of an execution *in limine*, entailing costs, expenses and other hardships often out of proportion to the value of the property right sought to be protected. (*Hickey* v. *Parrot S. & C. Co.*, 25 Mont. 164, 64 Pac. 330.) Because of the extraordinary harshness of the remedy, courts of equity have ever been reluctant to apply it. If the applicant has any other adequate remedy, the application will be denied.

The record before us discloses that the application was filed in the district court on July 7, 1916; that on July 17 an order to show cause was issued; that on July 29 the application and defendants' objections thereto were submitted; and that the or-[2] der denying the application was made on October 9. The application was addressed to the sound, legal discretion of the trial court (*Hartnett* v. *St. Louis M. & M. Co.*, 51 Mont. 395, 153 Pac. 437), and plaintiff must assume the burden of showing an abuse of such discretion. Since the remedy by receivership [3] is an extraordinary one, never to be allowed except upon a showing of necessity therefor (*Prudential Securities Co.* v. *Three Forks etc. R. Co.*, 49 Mont. 567, 144 Pac. 158), the plaintiff was further charged with the burden of presenting facts

sufficient to disclose to the court the existence of such necessity. (34 Cyc. 112.) All that was presented to the court below to [4] show such an exigency as would call for relief is contained in the portion of the application quoted above: "That there is danger that said crops will * * * be removed and sold to innocent purchasers and the proceeds converted to the use of defendants, or that said crops will be consumed by defendants." The expression of a fear is not the statement of a fact. It is not alleged that defendants threaten or intend to dispose of the crops in any manner, or that they will be disposed of, or that loss or waste will result from defendants' possession or control of them. It is not shown that defendants are not farming in a good workmanlike manner, or not intent upon the proper care and preservation of the crops. Indeed, we think there is not stated any fact from which the court could determine that plaintiff was in imminent peril of losing whatever interest it might have in the property.

If the property was not disposed of before the crops were [5] severed from the soil and became personal property, then claim and delivery would afford to plaintiff a plain, speedy, and adequate remedy. If the defendants threatened to dispose of the crops before severance, an injunction would defeat such purpose, and in either event a receiver would be unnecessary. We think plaintiff has failed to show such abuse of discretion as would warrant a reversal of the order.

The order is affirmed.

*Affirmed.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, did not hear the argument, and takes no part in the foregoing decision.