MASTERSON ET AL., RESPONDENTS, v. HUBBERT, APPELLANT.

(No. 4,213.)

(Submitted April 30, 1918.  Decided May 16, 1918.)

[00 Pac. 000.]

*Receivers—Partnership—Dissolution—Improper Appointment—Notice.*

Receivers—Appointment Without Notice—Purpose.
1.   To justify the appointment of a receiver without notice, it must be made to appear, under section 6699, Revised Codes, that the delay resulting from giving notice would defeat the very right which plaintiff seeks to protect or imperil the property involved in the litigation.

Same—Partnership—Dissolution—Improper Appointment.
2.   False representations claimed to have been made by defendant at the time of the formation of the partnership which plaintiff sought to have dissolved, that he owned certain personal property and deceived plaintiff as to the rental value of the premises occupied by the parties, was not a sufficient ground for the appointment of a receiver.

Same.
3.   A receiver should not be appointed because of quarrels or disagreements between partners, in the absence of allegation that the lack of harmony injuriously affects the business of the partnership.
[As to when the appointment of a receiver is proper, see note in 72 Am. St. Rep. 29.]

Same.
4.   Appropriation by one member of a partnership of its common funds does not warrant the appointment of a receiver, where it is not made to appear that the funds will ultimately be lost and that defendant is insolvent.

Same—Partnership—Purpose of Appointment.
5.   The purpose of appointing a receiver as ancillary relief in an action for the dissolution of a partnership is to prevent the member at fault dissipating the common property and thereby defeating the object of the suit.

Same—How Power of Appointment to be Exercised.
6.   The power to appoint a receiver should be exercised sparingly, with extreme caution, and only to prevent manifest wrong immediately impending, or in case it is made to appear clearly that plaintiff is in danger of suffering irreparable injury and there is no other plain, speedy or adequate remedy available.

Same—Partnership—Improper Appointment.
7.   Where a partnership was prosperous, had no debts and plaintiffs were not ousted or denied participation in the management and control of the business, the appointment of a receiver without notice pending settlement of a dissolution suit was improper, the only substantial ground alleged being that plaintiffs were not receiving their full share of the partnership profits and that certain funds were being misappropriated by defendant.

*Appeal from District Court, Hill County; W. B. Rhoades, Judge.*

ACTION by T. W. and Naomi Masterson against E. J. Hubbert. From an order appointing a receiver without notice, defendant appeals. Reversed.

*Messrs. Donnelly & Carleton,* for Appellant, submitted a brief; *Mr. Jos. P. Donnelly* argued the cause orally.

Where there is no danger of the property being lost and the partner applying to the court for a receiver himself has the property—which is the case here for aught that appears in the complaint—and his copartners make no objection thereto, he cannot have a receiver, his standing being that of a party asking a receiver over his own property. (*Smith* v. *Lowe,* 1 Edw. Ch. (N. Y.) 33.) It is likewise the law that where no insolvency is alleged, or possibility of loss shown, the mere fact that one partner has in his possession large sums of the partnership funds is not of itself cause for the appointment of a receiver. (*Wellman* v. *Harker,* 3 Or. 253.) In *Heinze* v. *Kleinschmidt,* 25 Mont. 90, 63 Pac. 927, this court held that where a cotenant went into possession of mining property by consent of his cotenant with the understanding he was at liberty to engage in mining, nothing short of a clear ouster and refusal to account, coupled with insolvency, would justify the court in taking the property from him through the agency of a receiver. The complaint here is devoid of any allegations even remotely tending to show an ouster of the respondents from the business, or insolvency on the part of appellant. As far as this complaint is concerned, the presumption is that respondents are in possession, assuming they are partners in the business. A partner in possession is never allowed a receiver. (High on Receivers, sec. 490.) Mere quarrels between partners, assuming, of course, that these parties are partners, is not sufficient ground for the appointment of a receiver. (*Id.,* sec. 474.)

In any event the court abused its discretion in appointing a receiver without notice to the defendant. (*State* v. *Clancy,* 20 Mont. 284, 50 Pac. 852.) The case of *Pyeatt* v. *Prudential Ins. Co.,* 38 Okl. 15, Ann. Cas. 1915C, 894, 131 Pac. 914, contains an

exhaustive discussion and citation of authority upon the question under discussion.

The agreement between the parties in this cause did not create a partnership *in praesenti,* but that the most that can be said of it is that it was an agreement to form a partnership in the future. Where there is only an agreement to form a partnership a receiver should not be allowed. (High on Receivers, secs. 476, 477; see, also, *Cudahy Packing Co.* v. *Hibou,* 92 Miss. 234, 18 L. R. A. (n. s.) 975, 46 South. 73.)

The appointment of a receiver in this case was error under any theory, for the court had the power to grant a temporary restraining order until such time as the application for a receiver could be heard with notice. (*Henderson* v. *Reynolds,* 168 Ind. 522, 11 Ann. Cas. 977, 11 L. R. A. (n. s.) 960, 81 N. E. 494; *Fischer* v. *Superior Court,* 110 Cal. 129, 42 Pac. 562.) Respondents also hold an adequate remedy in an action for breach of contract or cancellation thereof and damages, in which event receivership does not lie. (High on Receivers, sec. 10.)

*Mr. Thos. D. Long,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In September, 1917, plaintiffs and defendant entered into a contract in writing by the terms of which plaintiffs agreed to pay defendant $3,491.93 for a one-half interest in a restaurant business in the city of Havre. The sum of $1,150 was paid in cash and the balance was represented by four notes, each for $500 and one note for $341.93, due, respectively, in two, four, six, eight and ten months. In February, 1918, plaintiffs commenced this action and in their complaint allege that by the agreement a partnership was formed; that plaintiffs entered into possession and control of the business with defendant and have continued in such possession and control; that they have realized as their proportion of the profits, the sum of $1,000 which has

been applied to the discharge of their first two notes under the terms of the agreement; that the business is profitable and, if properly conducted, will increase in volume and value; that defendant made certain false representations concerning some of the property; that he has abused plaintiffs, treated them with disrespect and refuses to talk with them; that he has appropriated to his own use $700 over and above his just proportion of the partnership profits; that he continues to appropriate partnership property to his individual use and benefit, and refuses to account. The prayer is for a dissolution of the partnership, for an accounting and, as ancillary relief, for the appointment of a receiver. Upon this complaint alone and before summons had been served, the trial court appointed a receiver without notice, and defendant appealed from the order.

For the purpose of this appeal only we assume that the allegations of the complaint are true and that sufficient facts are stated to warrant a dissolution and an accounting. Section 6698, Revised Codes, authorizes the appointment of a receiver in an action "between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured." Section 6699 requires that notice [1] of the application must be given the adverse party unless "it shall appear to the court that there is immediate danger that the property or fund will be removed beyond the jurisdiction of the court, or lost, materially injured, destroyed or unlawfully disposed of." In other words, to justify the appointment without notice, it must be made to appear that the delay resulting from giving notice would defeat the very right which plaintiffs seek to protect, or imperil the property involved in the litigation. (*State* v. *Clancy*, 20 Mont. 284, 50 Pac. 852.) To give notice would involve a delay of only five days at the utmost, which period might be shortened by the court or judge (sec. 7141, Rev. Codes).

What, then, is the emergency disclosed by the complaint which does not brook delay for the brief period necessary to give notice?

(a) It is alleged that at the time the contract was entered into, defendant falsely represented that he owned the cash register in the restaurant and the electric sign in front of it and deceived the plaintiffs as to the rental paid for the premises; but it is not contended that by reason thereof a delay of a few days will work prejudice to plaintiffs' interest. Such a representation, if relied upon by plaintiffs to their injury, might be made the foundation for a rescission of the contract, but it furnishes no ground for the appointment of a receiver.

(b) It is alleged that defendant has treated plaintiffs with abuse and disrespect and refuses to talk with them. But courts of equity will not interfere merely because of quarrels or disagreements between persons jointly interested in business (High on Receivers, 4th ed., sec. 474), and it is not one of the functions of a receiver to establish or maintain the *entente cordiale* between partners. It is not alleged that this lack of harmony injuriously affects the business; on the contrary, it is alleged that it is proceeding successfully.

(c) Finally, it is charged that the defendant has appropriated and continues to appropriate to his individual use funds and other property belonging to the partnership. As a general partner the defendant has the right to participate in the management and control of the business (sec. 5482, Rev. Codes), and while his fraudulent misappropriation of the common funds would furnish justification for a dissolution of the partnership and for an accounting, it is not sufficient ground for the appointment of a receiver that he has in his hands funds of the firm for which he refuses to account, in the absence of a showing that there is danger that money in which plaintiffs are interested will ultimately be lost to them, and particularly in the absence of any allegation that defendant is insolvent and unable to respond for the amount found due upon an accounting. (High on Receivers, sec. 497.)

The remedy here sought is an extraordinary one, never available except upon a showing of necessity. (*Prudential Securities Co.* v. *Three Forks etc. R. Co.,* 49 Mont. 567, 144 Pac. 158.) If the defendant is solvent—and there is no allegation that he is not—a receiver would serve no purpose which could not be subserved equally as well in the due course of this litigation in the enforcement of whatever decree may be entered.

The purpose of appointing a receiver in an action of this [5]  character is to prevent the partner at fault dissipating the common property and thereby defeating the object of the suit. (20 R. C. L. 962.)   It is not the province of a court through its receiver to become the general manager of private enterprise or conduct the business of a partnership. (*Murphy* v. *Patterson,* 24 Mont. 591, 63 Pac. 380.)   Where the appointment is made before final adjudication upon the merits, as in this instance, it amounts in effect to the levy of an execution *in limine,* entailing expense and other hardships often out of proportion to the value of the right sought to be protected (*Hickey* v. *Parrot Silver & Copper Co.,* 25 Mont. 164, 64 Pac. 330), and for [6]  this reason the power should be exercised sparingly, with extreme caution, and only to prevent manifest wrong immediately impending, or in case it is made to appear clearly that the complaining party is in danger of suffering irreparable injury and there is no other plain, speedy or adequate remedy available. (*Montana Ranches Co.* v. *Dolan,* 53 Mont. 397, 164 Pac. 306.)

There is not any allegation that this partnership has any [7]  debts, and therefore the receivership could not be employed for the benefit of creditors that they might come in *pari passu* and share equitably in the distribution of the proceeds. The only substantial ground of complaint is that plaintiffs are not receiving their full share of the partnership profits and that certain funds are being misappropriated. It is not alleged that they have been ousted or denied participation in the management and control of the business; on the contrary, the complaint

discloses affirmatively that plaintiffs are in possession of, and are actively engaged in managing, the business with defendant, and that the enterprise is being conducted successfully. There is therefore no ground for appointing a receiver, since plaintiffs are authorized to protect their interests fully and to realize on firm assets their just proportion of the profits. (Sec. 5482, Rev. Codes; High on Receivers, sec. 490.)

The order is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.