MARTIN ET AL., RESPONDENTS, *v.* HOVER ET AL., APPELLANTS.

(No. 4,871.)

(Submitted May 31, 1921. Decided June 20, 1921.)

[199 Pac. 694.]

*Receivers—Appointment Without Notice—Insufficient Showing —Insolvency—Complaint—Verification by Incompetent—Insufficiency—Witnesses.*

Receivers—When not to be Appointed.
 1. Since the appointment of a receiver without notice is a harsh remedy, under which property rights are taken out of private hands and put in hands of a representative of the court, solely as an emergency measure, it should not be invoked if the applicant has any other adequate remedy.

Same—Insolvency of Defendant—Insufficient Showing.
 2. Where, in an action to set aside an oil lease as fraudulent, the complaint and affidavit of plaintiffs upon which a receiver was appointed without notice, did not affirmatively show that defendants were insolvent, the appointment was unwarranted.

---

 3. Affidavit or verified bill as essential to appointment of receiver, see note in Ann. Cas. 1913A, 608.

Same—Complaint and Affidavit—Verification.

3.   A receiver may be appointed upon the complaint if verified upon positive knowledge, or upon the complaint and a proper affidavit so verified.

Witnesses—When Mental Incompetents may Testify.

4.   The testimony of an incompetent person is admissible in evidence if the court is satisfied that he has sufficient mentality to appreciate the nature and obligation of an oath and is capable of giving a correct account of the matters which he has seen or heard with reference to the question at issue, his incompetency going only to the weight of his evidence.

Receivers—Complaint—Verification by Mentally Incompetent—When Insufficient.

5.   Where the complaint in an action to set aside an oil lease on the ground of fraud alleged, *inter alia*, that the lessor was not only ignorant and without experience in business, but so far incompetent as to be incapable of understanding ordinary legal instruments and ever ready to follow any suggestions made or advice given him by one in whom he had confidence, his verification attached to the complaint had no evidentiary value, and was therefore insufficient as a foundation for the appointment of a receiver without notice.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by James L. Martin and another, as guardians of Joseph Miller, an incompetent person, against Herbert A. Hover and others.   From an order appointing a receiver, without notice, defendants appeal.   Reversed.

*Messrs. Belden & De Kalb* and *Messrs. Gunn, Rasch & Hall,* for Appellants, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

*Mr. Rufus Hopkins* and *Messrs. Marshall & Dousman,* for Respondents, submitted a brief; *Mr. Charles J. Marshall* argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Plaintiffs, as guardians of the estate of Joseph Miller, an incompetent person, seek a decree declaring that defendants Herbert A. Hover and Harry H. Schwartz, Jr., are involun-

---

4.   On effect of insanity on competency of witness, see notes in 28 Am. St. Rep. 942; Ann. Cas. 1913E, 323; 37 L. R. A. 423; 46 L. R. A. (n. s.) 1028.

tary trustees, for Miller's benefit, of a certain oil and gas lease issued by the United States government to them covering certain real estate in Fergus county. After filing the complaint and before time for appearance of defendants had expired, the plaintiffs, upon an *ex parte* application, procured an order appointing a receiver of the lease and oil to be produced. Defendants Hover and Schwartz have appealed from the order appointing receiver. The other defendants are interested only by reason of certain agreements between them and Hover and Schwartz regarding the oil to be produced.

From the complaint we glean the following facts: In 1916 Joseph Miller made homestead entry upon the land in question. Under the federal law and regulations of the Department of the Interior, Miller was entitled to a preference right to explore the territory embraced within his homestead entry for oil and gas, and, in case of discovery within the time limited by the permit, he would then have a preference right to an oil and gas lease upon the premises. Defendants Hover and Schwartz induced Miller to procure permit for exploration and forthwith fraudulently procured from Miller an assignment of the permit. Thereafter oil was discovered and a lease was issued to Hover and Schwartz. Under this lease and through contracts with other parties, they have been, and now are, producing and disposing of oil from these premises. It is contended by plaintiffs that Miller is, and was at all times above mentioned, a mentally incompetent person, and that by reason of such incompetency defendants Hover and Schwartz were enabled to perpetrate the alleged fraud upon him. Plaintiffs were duly appointed guardians of Miller and are now prosecuting this action. Upon the theory that defendants Hover and Schwartz fraudulently obtained from Miller the permit, and as a result thereof fraudulently obtained the lease which plaintiffs contend should have been issued to Miller, plaintiffs urge that these defendants should be held to be involuntary trustees of said lease and of all oil heretofore produced, or hereafter to be produced by them by virtue thereof;

[60 Mont. 302.]

that they should account to plaintiffs for all oil so produced; and that they should be required to convey to Miller the said lease and all their rights thereunder. The complaint further alleges that, by reason of the fraudulent acts of Hover and Schwartz, Miller has been deprived and prevented from securing, holding or now having any legal title to said lease and has been impoverished. As grounds for the appointment of a receiver without notice, affidavit was filed by plaintiffs setting forth the fact that summons had been issued and placed in the hands of the sheriff of Fergus county, Montana, but that the sheriff had been unable to make service upon any of the defendants except defendant Luke, and that the remaining defendants cannot be found within the state of Montana, are nonresidents of the state of Montana, or are concealing themselves in the state of Montana in order to avoid the service of summons in this action, and that the property is being disposed of and oil is being removed, and that there is danger of all of the oil being lost, removed, taken out of the jurisdiction of the court, or being placed in the hands of innocent purchasers, so that the same cannot be reached. Upon this affidavit and the complaint, the court made the order appointing receiver without notice.

The order appointing receiver is attacked for various reasons, among which is the insufficiency of the complaint to state a cause of action, of which several grounds are alleged. Inasmuch as the order appointing receiver must be reversed on other grounds, and inasmuch as it does not appear that the sufficiency of the complaint was challenged in the court below by demurrer, or otherwise, resulting in any determination of this question by the trial court, we do not deem it advisable on this preliminary appeal to dispose of the merits of the case as involved in the questions raised as to the insufficiency of the complaint.

It is urged by defendants that there is no showing of such [1] emergency as would authorize the appointment of a receiver, in that there is no showing that defendants Hover and

Schwartz were insolvent. The special proceedings provided for the appointment of a receiver should not be invoked unless the circumstances of the particular case disclose the necessity of it. It is a harsh remedy, and under it property rights are taken out of private hands and put in the hands of a representative of the court, solely as an emergency measure. "The power to invoke the extraordinary remedy by which property is taken into the possession of the court is to be exercised sparingly, with unusual caution, and only to prevent manifest wrong imminently impending, or where the case shows clearly that the complaining party is in danger of suffering irreparable loss and there is no other plain, speedy or adequate remedy. Where the application is made, as in this instance, before a decision adjudging the title to be in the applicant, the appointment, if made, amounts in effect to a levy of an execution *in limine,* entailing costs, expenses and other hardships often out of proportion to the value of the property right sought to be protected. (*Hickey* v. *Parrot S. & C. Co.,* 25 Mont. 164, 64 Pac. 330.) Because of the extraordinary harshness of the remedy, courts of equity have ever been reluctant to apply it. If the applicant has any other adequate remedy, the application will be denied. * * * Since the remedy by receivership is an extraordinary one never to be allowed except upon a showing of necessity therefor (*Prudential Securities Co.* v. *Three Forks etc. R. Co.,* 49 Mont. 567, 144 Pac. 158), the plaintiff was further charged with the burden of presenting facts sufficient to disclose to the court the existence of such necessity." (*Montana Ranches Co.* v. *Dolan,* 53 Mont. 397, 164 Pac. 306.)

In this case it is insufficient to merely set forth the fraudu-[2] lent acts, the probable loss of the oil, and the obligation on defendants to account, but plaintiffs must also show the insolvency of the defendants; for, if defendants are amply financially responsible and such obligations as the court should finally impose upon them in the nature of an accounting can be enforced, there is no need of a receiver. This court has

held that a receiver should not be appointed in such cases as this unless it affirmatively appears that the defendant is insolvent. (*Masterson* v. *Hubbert,* 54 Mont. 613, 173 Pac. 421.) Inasmuch as there is nothing in the complaint or affidavit charging the insolvency of the defendants, the court was not justified in making the order.

Question is also raised as to the sufficiency of the verifica-
[3] tion of the complaint as a basis for the order. Under our statutes, a receiver may be appointed upon the complaint if verified upon positive knowledge or upon the complaint and a proper affidavit so verified. In this case the only facts upon which the charge of fraud is based appear in the complaint. The complaint has one verification by the plaintiffs, as guardians, and one by Miller, the incompetent. The former verification affirmatively appears to be based entirely upon information and belief, except as to the allegations respecting the appointment of plaintiffs as guardians, and the general allegation that Miller is an incompetent person. The latter verification is made by Miller upon positive knowledge, and covers all the allegations of the complaint. The complaint, however, contains a paragraph setting forth in detail the mental incompetency of Miller; and his attorneys, in their zeal to make the allegations of incompetency sufficient beyond question, seem to have "overstepped themselves" by making Miller so incompetent that his affidavit has not any evidentiary value. We
[4, 5] recognize the rule that has heretofore been announced by this court and is uniformly supported by the opinions of other courts, that the testimony of an incompetent person is admissible in evidence if he has sufficient mentality to appreciate the nature and obligation of an oath and is capable of giving a correct account of the matters which he has seen or heard in reference to the question at issue. The court, upon being satisfied that a witness has such mentality, should allow the testimony to be taken and leave the question of its credibility to the jury, or to the court if the case is tried without a jury. (*State* v. *Berberick,* 38 Mont. 423; see discussion

commencing on page 442, 100 Pac. 209, on page 215 [16 Ann. Cas. 1077].) It is not to be overlooked, however, that before an incompetent is permitted to testify the court must first satisfy itself that the incompetent person has sufficient mentality to appreciate the nature and obligation of an oath. (*State* v. *Berberick, supra.*)

In this case the allegations of the complaint as to the incompetency of Miller are so strong that the court cannot escape the conclusion that he did not have sufficient mental capacity to appreciate the nature and obligation of an oath. The allegations of the complaint in this regard are as follows: "The said Joseph Miller was an uneducated and ignorant man, of very little education, totally without experience in business, and incapable of understanding ordinary legal instruments, and so deficient in mental and will power as te be unable to transact ordinary business affairs in a careful and prudent manner, or in any manner, to take care of his own interests; that he has, during all of such times, ever been ready to follow any suggestions or advice given to him by any person who gained his confidence, and that during all of these times he has been so mentally deficient that same is apparent from an ordinary conversation with him, and that persons dealing with him to any considerable extent must have an actual knowledge of such defective mental condition."

It is to be noted that not only is it alleged that Miller is ignorant, without experience in business, incapable of understanding ordinary legal instruments, but that he has "ever been ready to follow any suggestions or advice given to him by any person who gained his confidence," and that the same is apparent from an ordinary conversation with him. The irresistible conclusion is that, when he signed the verification to the complaint, he must have done so upon the suggestion of someone, presumably his attorneys, as he was "incapable of understanding ordinary legal instruments," and therefore would not have sufficient mentality to have done so upon his own initiative. It he did not know what he was signing, and

signed it merely because someone asked him to do so, and did not understand its contents, the complaint being at least as complex as the ordinary legal instrument, then in fact it was not his affidavit. Under these circumstances his affidavit cannot have any evidentiary value. It is contended by plaintiffs that, even though he did not understand the meaning of legal instruments and was mentally deficient, yet, under the rule hereinbefore referred to, he could testify as to the several facts set forth in the complaint as acts of fraud. The same principle, however, would apply to his testimony as would apply to his affidavit. If Miller should take the stand as a witness, and it should appear, not only that he was mentally incompetent, but that his offered testimony was based upon the suggestions and advice of someone in whom he had confidence, then the court would immediately conclude that he does not understand the nature and obligation of an oath and his testimony would be refused. In order that there may be no misinterpretation of our holding in this matter, we reiterate that if a person is merely incompetent, but still retains sufficient mentality to correctly narrate the facts involved in the issues in question, and does understand the nature and obligation of an oath and appreciates such obligation, he may testify, and his incompetency goes only to the weight of his evidence; but if he is so mentally deficient that he either cannot understand and appreciate the nature and obligation of an oath, or cannot correctly narrate the facts to which his testimony is pertinent, then his testimony should not be received. In this case, there being no sufficient affidavit or verification to the complaint, there was not sufficient foundation for the appointment.

The order appointing receiver is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.