STATE EX REL. RANKIN, ATTORNEY GENERAL, PLAINTIFF, *v.* BANKING CORPORATION OF MONTANA, DEFENDANT.

SWEENEY, APPELLANT, *v.* GRAY, RESPONDENT.

(No. 6,222.)

(Submitted January 18, 1928. Decided February 10, 1928.)

[264 Pac. 106.]

*Banks and Banking—Insolvency—Preferred Claims—Denial— Failure to Appeal Renders Order Final—Reopening Case— Discretion—Receivers.*

Banks and Banking—Insolvency—Preferred Claims—Failure of Creditor to Appeal from Order Denying Preference—Order Final.
1. Under section 9731, Revised Codes 1921, a creditor of an insolvent bank seeking to have his claim against the bank established as a preferred one has an appeal from an adverse order of the court; where he fails to appeal within the time allowed, the order becomes final.

Same—Preferred Claim—Denial—Refusal to Reopen Case After Time for Appeal has Passed—Discretion.

2. Where claimant against an insolvent bank had failed to appeal from an order of the district court disallowing her claim to preference payment out of its assets and thus permitted the order to become final, and thereafter petitioned for a reopening of the case on the ground that she took no further action because of erroneous information received by her that even if her claim was allowed there were not sufficient funds in the bank to cover it, the court may not be put in error for denial of the petition in the absence of a showing of abuse of the discretion lodged in it.

Receivers—Estate to be Brought to Close at Earliest Possible Moment.

3. Receiverships should be brought to a close at the earliest possible moment consistent with the rights of the parties and the proper administration of the estate.

---

[1–3] Appeal and Error, 3 C. J., sec. 413, p. 579, n. 76. Banks and Banking, 7 C. J., sec. 529, p. 744, n. 93. Receivers, 34 Cyc., p. 170, n. 52.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

PETITION by Mary A. Sweeney against Claude C. Gray, receiver of the Banking Corporation of Montana, growing out of receivership proceedings by the State, on the relation of Wellington D. Rankin, Attorney General, against the Banking Corporation. From an order dismissing the petition, petitioner appeals. Affirmed.

*Mr. E. C. Day,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Stewart & Brown,* for Respondent, submitted a brief; *Mr. John G. Brown* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This proceeding grew out of the administration of the receivership of the Banking Corporation of Montana.

Mary A. Sweeney was the owner of bonds, of which the Banking Corporation was a trustee; the amount due upon the bonds was collected by and retained by the trustee in the fashion

described in *Fay's Appeal.* (*State ex rel. Rankin* v. *Banking Corporation,* 77 Mont. 134, 251 Pac. 151.)   After the decision in that matter Mrs. Sweeney filed a petition in which she described herself as a bondholder similar to Mrs. Fay, claiming a like preference.   She alleged that on February 27, 1925, she had presented her claim to the receiver, and to the court, in which she asserted that she was entitled to the amount collected by the Banking Corporation, $1,552.52, out of the cash assets of the corporation in preference to other creditors; that the court on June 26, 1925, allowed the amount due petitioner as a general claim, denying her any preferential right; that she did not appeal from the order but Mrs. Fay did; that petitioner did not take an appeal because she was advised by her attorney and believed that there was no money on hand out of which her claim could be allowed and paid as a preferred claim; that the appeal of Mrs. Fay was heard by the supreme court and on October 6, 1926, the order of the lower court was reversed, the supreme court holding that the funds of the bondholders became a trust fund in the hands of the Banking Corporation and so far as such could be traced to the possession of the receiver they were impressed with a trust and the bondholders were entitled to a preference to that extent. That when the state banking department took over the Banking Corporation upon its closing there was on hand in currency in the bank the sum of $9,281 which the superintendent of banks deposited to his credit in the Union Bank and Trust Company; that when the receiver was appointed the deposit above mentioned came into his hands, and that the trial court was misled in finding that the cash on hand when the bank closed was only $1,891.67, but should have found the amount to be $11,172.67; that the administration of the trust is still in the hands of the court, no final distribution of the assets having been made, and that petitioner "is advised that the decision of the supreme court reversing the order of the lower court * * * inures to the benefit of the petitioner for the reason that her rights are identical with those of the said

Catherine L. Fay''; that in equity and good conscience the petitioner is entitled to have the order upon her original petition reopened, and the question of the funds on hand subject to the payment of the trust claims re-examined, and to an order that she is entitled to share in the distribution of the $11,172.67 and is entitled to have her claim allowed as a preferred claim against that fund. In other words, the gravamen of petitioner's pleading is when the order of June 26, 1925, was made, she supposed that even if she were declared a preferred creditor the sum of $1,891.67 only would be available to her and others in her class in preference over the general creditors, whereas, in fact, but unknown to her, the sum of $11,172.67 was available for preferential payment to those in her class.

An order to show cause was issued upon the petition and the receiver answered. The matter came on for hearing April 11, 1927, was argued by counsel and taken under advisement by the court. On April 26, 1927, the court entered an order dismissing the petition, from which petitioner, within sixty days, appealed.

In the order appealed from the court gave a history of the proceeding from its beginning.

The court recited that on August 11, 1923, the petitioner brought an action against the Banking Corporation and the receiver thereof, respecting the same claim and matters referred to in the petition; that various hearings were had in the action, including a motion for judgment on the pleadings which was denied on November 29, 1924, since which time nothing further had been done in the cause so far as the record disclosed. That subsequently the receiver filed his petition No. 49 asking that all creditors and claimants of every kind and character be required to appear before the court and prove their claims, and that the court give the receiver instructions and directions with reference thereto. That after notice given to the various claimants a hearing was had with reference to the claims and the assets and liabilities of the

corporation, in which hearing the petitioner appeared in person and by counsel. The hearing began on February 27, 1925, and continued until June 26, 1925, when the court made and entered its final order adjudicating the rights of all the various creditors in and to the trust property, including the rights of petitioner. This hearing involved the consideration of all the funds of the corporation, including the fund and moneys referred to in the petition. On August 25, 1925, the petitioner attempted to take an appeal from the order to the supreme court but the appeal was never perfected, and the time for taking an appeal or for applying for a new trial had long since expired.

The court went on to say that it appeared that Catherine L. Fay, a creditor whose claim involved the same funds as that of the petitioner, did perfect an appeal to the supreme court which was heard by that court upon its merits (*State ex rel. Rankin* v. *Banking Corporation,* 77 Mont. 134, 251 Pac. 151), and that a petition was filed by Mrs. Fay for a rehearing therein in which substantially the same matters were set up as are contained in the petition of Mrs. Sweeney, but the supreme court, after hearing the application, refused to grant the rehearing.

The court concluded that to grant the petition of Mrs. Sweeney would involve retrial of the matters involved in petition No. 49, and the retracing of the various funds of the Banking Corporation, "all of which matters have been twice before this court and once before the supreme court, and in those hearings the petitioner was given every opportunity to present any and all evidence respecting the matters in controversy, and all of the books and records of the Banking Corporation relating to the same were in court, subject to inspection and consideration by the petitioner and her counsel and by the counsel for other claimants whose claims were of the same kind and character of that of the petitioner herein."

The court opined that "the rights of all creditors must be here considered, and that it would be an invasion of the

rights and equities of other creditors to now reopen this cause for reinvestigation,'' and declared that all the equities and rights of all creditors demand that the matter be closed.

In the meantime Mrs. Fay had taken a second appeal to [1–3] this court, being dissatisfied with the manner in which the sum of $1,891.67 had been apportioned following our decision which is cited above. The opinion in the second appeal was promulgated July 7, 1927, which, it will be observed, was after petitioner had perfected this appeal. In the course of the second opinion (*State ex rel. Rankin* v. *Banking Corporation,* 80 Mont. 49, 257 Pac. 1020) we said: "It does not appear that any of the bondholders appealed except Catherine L. Fay. If none of them appealed within sixty days after the order of June 26, the order of the district court became final as to them, and it was not within the power of this court to reinstate them as preferred creditors.'' We observed that the transcript did not show affirmatively that the other bondholders, or some of them, had not appealed, and that if there were other claimants entitled to share in the fund of $1,891.67 "whose rights had not been foreclosed by failure to appeal from the first order, or other claimants whose claims were presented and allowed after the appeal, such might have been entitled to rank with the claims of the escrow claimants and Mrs. Fay.'' What was said in that case determines this case against Mrs. Sweeney. The order of June 26 fixed the status of the claimants then before the court. It determined whether they were entitled to a preference or were merely general creditors. The order was appealable (sec. 9731, Rev. Codes 1921), and in the absence of an appeal was final. Of course, the court, upon a proper showing, in the exercise of its discretion, might have modified the order. Mrs. Sweeney was within her rights in asking for a modification; but she cannot put the lower court in error in the absence of a showing that in refusing a modification the court abused its discretion. She has not shown that the court abused its discretion. The fact is that the only excuse she gives for not having prosecuted her

appeal (or having in good time moved to modify the order) is that she did not know there was so much money subject to the payment of her claim. The court was thoroughly familiar with all of the conditions in the receivership and the reasons given for not disturbing the order seem cogent. Receiverships are notoriously long drawn out and should be brought to a close at the earliest possible moment consistent with the rights of the parties and the proper administration of the estate. There must be finality some time. Where litigants have not seasonably pursued the remedies given them by law, they may not be heard to complain.

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES STARK and MATTHEWS concur.

ASSOCIATE JUSTICES MYERS and GALEN did not hear the argument and take no part in the foregoing decision.