## FRANK A. BLOOD *vs.* ALBERT BLOOD.

A bill in equity by one tenant in common of tools and machinery against the other, alleging that the defendant has exclusive possession of the property, and refuses to allow the plaintiff any part of it or of its profits, and praying for an account, an injunction, a receiver, a sale of the property and a division of the proceeds, cannot be maintained, if it does not seek any discovery, or does not show that the accounts are too complicated to be conveniently adjusted in an action at law, or that the property was used in carrying on business for the joint benefit of the parties, or that a sale of the chattels is required or contemplated by the nature of the tenancy in common or by the death or insolvency of either of the parties.

BILL IN EQUITY alleging " that the plaintiff is, and since the first day of April 1870 has been, a joint owner with the defendant of and in certain goods and chattels, viz.: One steam engine and boiler, one planer, two boring mills, nine engine lathes, one upright drill, one slabber, two pulley machines, one pair shears for cutting iron, together with a large amount of other tools and machinery, consisting of jack-screws, forges, anvils, taps and dies, rimmers, drills, boring-bars, pipe-tongs, dogs, blocks, and such other tools as are used in a machine shop, being all the tools and machinery which on the thirty-first day of March 1870 were in the shop of the defendant, in Lawrence ; that the plaintiff is the owner of one undivided fourth part of said tools, goods and chattels, and the defendant is the owner of three undivided fourth parts of the same ; and that all of said goods and chattels are in the sole and exclusive possession of the defendant."

The bill further alleged " that at various times, since the first day of February last past, the plaintiff has requested the defendant to make a fair and equitable division and distribution of said goods and chattels between the plaintiff and the defendant; or to consent to an equitable and just use of the same by the plaintiff, or to cause a valuation of the same to be made, and to pay the plaintiff a fair compensation for the use and benefit of his one fourth part thereof; all and each of which said requests of the plaintiff have been refused by the defendant, who has, since the first day of February aforesaid, maintained the sole and exclusive possession of said chattels and the whole of them, has had the entire use, benefit and profit of them and all of them, has thereby diminished and is still diminishing their value, and has wholly refused to make any distribution or division of them with the plaintiff, or to allow or pay the plaintiff any compensation for the use of his fourth part thereof, or to permit any use of the same by the plaintiff; and that the plaintiff is wholly without remedy at law, for the wrongs and injuries aforesaid, but can only have relief in a court of equity."

The prayer was " that the defendant may be compelled to answer the premises, but not upon oath, which is hereby waived; that an account may be taken of the said goods and chattels, so as aforesaid owned by the plaintiff and defendant in common, and of their value, and of the use of the same by the defendant, since the first day of February last past, and of the fair rental value of the fourth part thereof belonging to the plaintiff, so as aforesaid used by the defendant, including wear and depreciation by such use; that the plaintiff may recover the same of the defendant; that a receiver of the same be appointed by the court, by whom the same shall be sold, under the direction of the court, and the proceeds divided ratably between the said parties, unless the defendant shall assent to such division of said goods and chattels as shall to the court seem equitable; that in the mean time the defendant shall be enjoined from selling or otherwise disposing of said goods and chattels, or any of them, or from using them in such manner as to destroy or depreciate their value; " and for further relief.

The defendant demurred because the plaintiff had a plain and adequate remedy at law, and the case was reserved by *Gray*, J., upon the bill and demurrer, for the consideration of the full court.

*C. G. Saunders*, for the defendant.

*R. C. Lincoln*, for the plaintiff.

GRAY, J.  It is of the very essence of a tenancy in common, that the tenants have each and equally the right to occupy the property and take the profits.  One tenant in common of personal chattels therefore is not liable to be sued by the other for taking or retaining possession thereof, unless his dealing with them is such as to amount to a conversion, in which case he is liable to an action of tort in the nature of trover.  *Weld* v. *Oliver*, 21 Pick. 559.  *Delaney* v. *Root*, 99 Mass. 546.  And he is not bound to pay his co-tenant any compensation for the use of the common property ; nor to account for the profits, unless he has received more than his just proportion, in which event he is liable to an action of contract in the nature of an implied assumpsit.  *Jones* v. *Harraden*, 9 Mass. 340, note.  *Shepard* v. *Richards*, 2 Gray, 424.  *Peck* v. *Carpenter*, 7 Gray, 283.

It is not necessary to consider whether the facts stated in the bill and admitted by the demurrer amount to a conversion of the common property to the defendant's own use.  If they do, the plaintiff has an adequate and complete remedy at law, by action of tort.  If they do not, the defendant's exclusive possession of the chattels has worked no legal injury to the plaintiff.

The bill cannot be maintained for an account, because, if the plaintiff is entitled to one, there is nothing to show that it is too complicated to be properly and conveniently adjusted in an action of contract.  *Fanning* v. *Chadwick*, 3 Pick. 420.  Nor is any discovery prayed for, as in *Ferry* v. *Henry*, 4 Pick. 75.

It cannot be maintained for a sale and division of the chattels, because it does not show that they were agreed to be or were used in carrying on any business for the joint benefit of the parties, as partners or otherwise ; or that the tenancy in common was of such a character as to require or contemplate a sale of the chattels or termination of the tenancy, except by the consent of the parties ;

or that, by reason of the death or insolvency of either, a sale and division of the property was necessary or expedient for the purpose of settling his estate. The case differs in these respects from *Field* v. *Craig,* 8 Allen, 357.

In *Low* v. *Holmes,* 2 C. E. Green, 148, in which the chancellor of New Jersey granted a preliminary injunction and appointed a receiver upon the filing of a similar bill, he prefaced his opinion by observing : " The only question now before the court is the complainant's right to an injunction and a receiver. The equity of the complainant's bill and his right to the enjoyment of his share of the property are not drawn in question."

But in the present case, after full argument upon a general demurrer to the bill, it appears that the plaintiff is not entitled to final relief upon any of the grounds on which he invokes the jurisdiction of the court. The whole ultimate purpose of the bill being defeated, the injunction and receiver prayed for as means to secure that purpose fall with it.

*Demurrer sustained, and bill dismissed.*