MARY E. TEATS v. THE BANK OF HERINGTON.
No. 9977.

1. PROCEEDINGS IN AID OF EXECUTION — *jurisdiction under order for examination in, not ousted by subsequent wrongful arrest.* The defendant, against whom a judgment had been rendered and execution issued and returned, was ordered by the judge of the District Court to appear and answer concerning her property. At the time fixed she appeared by attorney, and the matter was, by consent, continued from time to time. Before submitting to any examination she left the county of her residence and went to Thomas County. Thereupon an order for her arrest was issued by the district judge. She was arrested by the sheriff in Thomas County and brought back to Dickinson County, where the proceeding was pending. On the hearing she was discharged from arrest. By consent, the examination with reference to her property was again continued from time to time, and afterward, on a hearing, an order was made appointing a receiver, and directing the application of certain property to the payment of the judgment. *Held*, that whether the arrest was legal or not, it did not deprive the court of the jurisdiction before acquired to examine the defendant with reference to her property, and make an order for its application to the payment of the judgment.

2. ———— *sheriff appointed receiver has same power as any other so appointed.* A sheriff appointed receiver of the property of a judgment debtor has the same authority that any other person so appointed would have, and difficulties he is likely to encounter in gaining possession of the debtor's property furnish no grounds for reversal of the order of appointment.

3. TAXATION OF COSTS — *not reviewable unless motion to re-tax ruled on below.* Errors in the taxation of costs must be brought to the attention of the trial court, by motion to re-tax, before they can be reviewed on proceedings in error.

46—58 KAN.

Error from Dickinson District Court.    Hon. James Humphrey, Judge.    Opinion filed December 11, 1897. *Affirmed.*

*David Overmyer,* for plaintiff in error.
*Fred D. Carman,* for defendant in error.

ALLEN, J.   On the twenty-fifth of September, 1893, the Bank of Herington recovered a judgment against the plaintiff in error, Mary E. Teats, for two thousand dollars and costs.   On this judgment an execution was issued and returned unsatisfied.   On the sixth of February, 1894, on motion of the plaintiff, a citation was issued requiring the defendant to appear at the court house in Abilene, on the fourteenth of February, to answer concerning property which it was alleged she unjustly refused to apply towards the satisfaction of the judgment.   At the time fixed in the citation, both parties appeared by their attorneys.   The attorneys for the defendant announced that an examination would be unnecessary, as they had been authorized to settle the judgment.   The matter was thereupon continued from time to time without further action until the twenty-third of March, when an order was issued by the district judge, at his chambers in Abilene, reciting the citation to appear and the failure of the defendant to comply therewith, and directing the sheriff to arrest the defendant and bring her before him on the eighth of May.   A certified copy of this order was delivered by the clerk to the sheriff, who thereupon arrested the defendant in Thomas County and brought her back to Dickinson County.   She was released on a bond for five hundred dollars, conditioned for her appearance at the next term of the District Court of Dickinson County.   On the tenth of

May, the defendant moved the court to discharge her from the arrest, challenging on various grounds the validity of the order under which she was taken in custody. On this motion a hearing, at which testimony was offered, was had on the same day, and at its conclusion the court discharged her from the arrest, but reserved the question of costs for further consideration.

The record recites : "Thereupon, by the agreement of the parties, the said hearing of said proceedings in aid of execution and examination is set down for the twenty-fourth day of May, 1894." The defendant was required to enter into a recognizance in the sum of five hundred dollars for her appearance on that day. The recognizance was given, and, on the day fixed, the parties appeared and the proceedings were continued until the next day, when the defendant was examined concerning her property. Other witnesses also testified at the hearing. The matter was then again continued until the sixth of July, when the court made a finding that the defendant had two bills of exchange for twenty-five hundred dollars each, and a certificate of deposit for two thousand dollars, which she unjustly refused to apply to the satisfaction of the judgment; that this property was held by her son, George Teats, for her, and had been taken by him to the Territory of Oklahoma. It was thereupon ordered that the sheriff of Dickinson County be appointed receiver ; that the defendant assign to him, for the benefit of the plaintiff, twenty-five hundred dollars of said funds, and that the receiver proceed to collect the same from George Teats, and apply it to the payment of the judgment, interest and costs, and costs of that proceeding. To this order the defendant excepted. This proceeding is brought to review and reverse the order last mentioned.

While much is said in the brief against the justice of

the judgment on which the supplementary proceedings were based, it is conceded that its validity cannot be questioned now. The main contention here is that the arrest of the defendant in Thomas County was illegal, and for that reason the whole subsequent proceedings were without jurisdiction, and the order made, erroneous if not absolutely void. This contention is not sound; because the jurisdiction of the court to examine the defendant with reference to her property did not depend on the arrest. She had been duly ordered by the judge of the District Court, after an execution issued to the sheriff of the county where she resided had been returned unsatisfied, to appear and answer concerning her property. She had never complied with this order, but the case had been continued from time to time on the representation that the matter would be settled. Whether the arrest was valid or invalid, the court had full jurisdiction to make the examination which was made, and it was the clear duty of the defendant to appear and submit to such examination. By leaving the county, she certainly did not deprive the court of jurisdiction over her.

This case is easily distinguishable from *Van Horn Brothers v. Great Western Mfg. Co.* (37 Kan. 523) ; *The State v. Simmons* (39 id. 262) ; *The State v. Hall* (40 id. 338), and *Wells v. Patton* (50 id. 732). In all those cases the jurisdiction of the court depended on what was held to be misuse or abuse of its process. In this case the jurisdiction of the court had fully attached before the process complained of was issued. It cannot be held to have lost that jurisdiction even if the arrest was unauthorized. We do not wish to be understood as intimating an opinion on the question as to the rightfulness or wrongfulness of the arrest. What we do decide is, that the proceedings having

*1. Jurisdiction not ousted by wrongful arrest.*

been continued by consent of the parties from time to time, both before and after the arrest, the court did not lose jurisdiction of the proceedings by reason of the order for the arrest of the defendant nor her arrest thereunder, in Thomas County.

Complaint is made of the appointment of the sheriff as receiver. This is expressly authorized by the statute. When appointed, the sheriff acts and has the same authority as any other receiver. Whether this is the best remedy for the plaintiff is not a matter for our consideration. The order made, being expressly authorized by the statute, is certainly not erroneous. There is nothing in the proposition that George Teats is a necessary party. Nor is it necessary for us to consider what the sheriff may or may not do in pursuance of his appointment.

2. Sheriff as receiver has all powers of receiver.

It is said that the court taxed the costs of the arrest against the defendant. There is nothing in the record showing what costs were taxed in the case. The order in fact made directed the application of such moneys as the sheriff might collect to the payment of the judgment, costs, and costs of the supplementary proceeding. This was proper, and carried with it all costs legally made. If unauthorized items were included, that should be brought to the attention of the trial court by motion to retax, before it can be reviewed on proceedings in error. *Moore v. Toennisson*, 28 Kan. 608.

The order of the District Court is affirmed.