STATE EX REL. BAKER, RELATOR, *v.* SECOND JUDICIAL DISTRICT COURT, ET AL., RESPONDENTS.

[No. 1,558.]

[Submitted May 31, 1900. Decided May 31, 1900.]

*Certiorari—Review of Judgment—Presentation of Application.*

1. Certiorari will not lie to correct errors committed within the court's jurisdiction, though relator avers inability to furnish an appeal bond.
2. The parties or their counsel, and not the Clerk of the Supreme Court must present application for writs of certiorari to the Supreme Court.

APPLICATION for certiorari by the state, on relation of B. L. Baker, against the Second Judicial District Court for Silver Bow county, and William Clancy, the judge thereof. Denied.

*Mr. J. E. Healey*, for Relator.

PER CURIAM.—This is an application for a writ of *certiorari* to review the proceedings of the district court of Silver

Bow county in an action wherein one W. G. Pfouts is the plaintiff, and the relator herein the defendant. The affidavit in support of the application shows that on the 21st day of December, 1896, a complaint was filed in the action mentioned, stating that the defendant was indebted to the plaintiff in the sum of $449.40, the balance of an account for goods, wares, and merchandise, sold and delivered by the plaintiff to the defendant between the 21st day of December, 1889, and the 29th day of December, 1891, which remained unpaid; and the answer contains a plea of the statute of limitations, which was put in issue by the reply; that at the trial the defendant moved the court for judgment upon the ground that the cause of action alleged was barred by the provisions of subdivision 1 of section 514 of the Code of Civil Procedure; that the motion was denied, and that the court rendered judgment for the plaintiff; that the relator "has attempted to appeal from said judgment, but has been unable to furnish the necessary bonds or security on appeal, the said W. G. Pfouts excepting to the sufficiency of the sureties of relator." The purpose of the present application is to set aside the judgment, the relator asserting that the district court was without jurisdiction.

The relator contends that the district court exceeded its power when, as is alleged, it refused to follow the decision of this Court in *Guiterman et al.* v. *Wishon*, 21 Mont. 458; 54 Pac. 566. That the district court had jurisdiction of the subject matter of the action and of the person of the defendant is apparent; it possessed the right to hear and determine the cause, and to render the judgment now attacked. Although, the court may have erred, yet it regularly pursued its authority. The right to hear and determine necessarily carries with it the power to decide wrong as well as right. It did not exceed its jurisdiction. The inability of the relator to furnish an undertaking on appeal with sufficient sureties does in no wise affect or impair the authority of the district court or make void the judgment. *Certiorari* may not be used to correct errors committed within the jurisdiction of the court.

These principles have been often enunciated by this court. The application in the case at bar has not even the semblance of merit.

The application is brought to the attention of this court by its clerk, who does so at the request of the relator. This is improper practice. Parties or their counsel, not the clerk, should present applications for writs. Hereafter we shall refuse to entertain such motions when made through the medium of the clerk. The application is denied, and judgment ordered dismissing the proceeding.

*Denied.*

MR. JUSTICE HUNT, being absent, takes no part in the foregoing decision.