WRIGHT, Appellant, v. FLYNN et al., Respondents.

(No. 4,216.)

(Submitted May 31, 1918.   Decided June 8, 1918.)

[173 Pac. 421.]

*Special Elections — County High Schools — Failure to Publish Notice—Effect.*

> 1.  Where the electors had actual notice of and participated gener-ally in a special election held to determine the advisability of issu-ing bonds for high school purposes, failure of the county clerk to publish in a newspaper the notice required by section 531, Revised Codes, did not avoid the election.
>
> [As to the necessity for notice or proclamation of election, see note in 120 Am. St. Rep. 794.]

*Appeal from District Court, Missoula County; Theo. Lentz, Judge.*

SUIT by Della T. Wright against Jonn J. Flynn and others, county commissioners and clerk and recorder of Missoula county.   Judgment dismissing the complaint, and plaintiff ap-peals.   Affirmed.

Cause submitted on briefs of Counsel.

*Mr. William Wayne* and *Mr. Frank A. Roberts,* for Appel-lant.

*Mr. S. C. Ford,* Attorney General, *Mr. R. L. Mitchell,* Assist-ant Attorney General, *Mr. Fred R. Angevine* and *Mr. Dwight N. Mason,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

At a special election held in 1916, a majority of the electors voting authorized the county commissioners to issue bonds in the sum of $75,000 to build and equip an addition to the county high school building.   Some time after the election this suit by a taxpayer was instituted to enjoin the issue and sale of the

bonds, and this appeal is from a judgment dismissing the complaint.

The cause was tried upon what amounts to an agreed state[1] ment of facts. Though this bond election was held at the same time as the general election, November 7, 1916, separate ballots were provided and used in voting upon this issue. The county clerk did not publish a notice of this special election in any newspaper as required by section 531, Revised Codes, but did cause a notice thereof to be posted in each of three of the most public places in each precinct—one at the voting place— and by reason thereof and the public discussion of the matter the electors throughout the county had actual knowledge that the question would be voted on, long prior to the election. Seven thousand three hundred and sixty was the highest number of votes cast for any candidate or upon any question at the election. Seven thousand one hundred eighty-nine electors voted upon this bond issue, and the majority in favor of the bonds was 717.

For the purposes of this appeal we assume that the repeal of section 1318, Political Code of 1895, did not affect the duties imposed upon the county clerk by reference to that section in section 531 above. (*Ventura County* v. *Clay,* 112 Cal. 65, 44 Pac. 488.) Did the failure of the clerk to publish the notice avoid the election notwithstanding the electors had actual notice and participated generally in the election? The inquiry is answered in the negative and the question set at rest in this state by the decision in *State ex rel. Patterson* v. *Lentz,* 50 Mont. 322, 146 Pac. 932.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.