STATE EX REL. RANKIN, ATTORNEY GENERAL, PLAINTIFF, *v.*
BANKING CORPORATION, DEFENDANT.

FAY, APPELLANT, *v.* GRAY, RECEIVER, RESPONDENT.

(No. 6,144.)

(Submitted June 9, 1927. Decided July 7, 1927.)

[257 Pac. 1020.]

*Banks and Banking—Insolvency—Receivers—Preference Claims
—Rejection of Claims by District Court—Judgment as to
Nonappealing Claimants Final.*

1. Where only one of a number of creditors of an insolvent bank,
grouped under a certain class, appealed within sixty days from
an order of the district court refusing them a preference right to
payment of their claims (sec. 9732, Rev. Codes 1921), and secured
a reversal thereof as to her, the order as to the nonappealing
claimants became final, and the action of the court in thereafter
reinstating them as preferred creditors and prorating the money
available in the bank for that purpose among them and the suc-
cessful appellant was error.

---

[1] Appeal and Error, 4 **C. J.**, sec. 3095, p. 1114, n. 29; sec. 3251,
p. 1206, n. 19. Receivers, 34 **Cyc.**, p. 364, n. 32 New.

*Appeal from District Court, Lewis and Clark County; W. H.
Poorman, Judge.*

RECEIVERSHIP PROCEEDINGS by the State, on the relation of
Wellington D. Rankin, Attorney General, against the Banking
Corporation of Montana, in which Claude C. Gray was ap-
pointed receiver. From an order entered therein, Catherine
L. Fay, a creditor, appeals. Reversed.

*Mr. William Scallon,* for Appellant submitted a brief and
argued the cause orally.

*Messrs. Stewart & Brown,* for Respondent, submitted a
brief; *Mr. John G. Brown* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal by Catherine L. Fay from an order entered by the district court made after the decision of this court in *State ex rel. Rankin* v. *The Banking Corporation of Montana,* 77 Mont. 134, 251 Pac. 151. A sufficient statement of the case in general appears in the opinion in that case and need not be repeated here. In the opinion, after the statement of the case, the court considered four appeals, one of which was [1] that of Catherine L. Fay. In the disposition of the Fay appeal this court decided that Mrs. Fay, who was a bondholder, was entitled to a preference right, the amount of her claim being $3,210. In the order appealed from, which was dated December 14, 1926, the trial court quoted from our opinion the following language: "The funds of the bondholders became a trust fund in the hands of the Banking Corporation and so far as such trust funds are traced to the possession of the receiver, they are impressed with such trust and the bondholders are entitled to a preference to that extent. In this case the amount of funds so traced is $1,891.67," and "Mrs. Fay is entitled to a preference in the amount of cash in the bank when it closed pro rata with other preferred claimants of the same class."

The trial court then said that "those in the same class with Mrs. Fay (Class 'D') are the holders of bonds in what is known as the McCauley-Spencer bond issue and the Henry Hagen bond issue." The court figured up the total amount of claims in Class "D" and apportioned to Mrs. Fay $306.08, which it determined to be her share in the fund. The fact is that by its order of June 26, 1925, which was the one before this court upon the first appeal, the court had disallowed all of the bondholders' claims. An order giving directions with respect to a receivership is appealable (sec. 9731, Rev. Codes 1921), and the appeal must be made within

sixty days after the order is made and entered in the minutes of the court filed with the clerk.   (Id., sec.. 9732.)

While the trial court referred to Class "D" in its order of December 14, the only place where that classification appears is in the schedule of claims attached to Receiver's Petition No. 49.   The order of June 26, 1925, does not set forth the names of the claimants or the amounts of their claims and does not refer to Class "D."

It does not appear that any of the bondholders appealed except Catherine L. Fay. If none of them appealed within sixty days after the order of June 26, the order of the district court became final as to them and it was not within the power of this court to reinstate them as preferred creditors.   The lower court, for its own convenience, we assume, had segregated the various claims in the hands of the receiver into different classes.   That classification was not considered by this court in disposing of the matters presented upon the appeal.   Seemingly the fact that the trial court had placed the bondholders' claims in a class which it called "D," and the fact that this court used the language quoted above in its opinion misled the learned and careful district judge.

In its order of June 26, 1925, the trial court allowed as preferred claims what counsel have termed the escrow deposits of Joseph E. Hooper, for $1,909.92, and R. M. Mesick, Mrs. Lucy Flinn, and Edward Horsky, for $70.85. The only money available for the payment of these claims is the cash on hand in the bank when it failed, $1,891.67.

In using the language which appears to have misled the trial court, this court was discussing the claims of the bondholders as a proposition of law and did not, and did not intend to, give specific directions with respect to their claims. It was speaking generally rather than specifically.   The transcript did not show affirmatively that the other bondholders, or some of them, had not appealed.   Furthermore, the re-

ceivership proceedings were still pending in the lower court and this court could not assume that there were not any other claims which might be placed properly in the same class with the claim of Mrs. Fay. If there were other claimants entitled to share in the fund of $1,891.67, whose rights had not been foreclosed by failure to appeal from the first order, or other claimants whose claims were presented and allowed after the appeal (although this is improbable), such might have been entitled to rank with the claims of the escrow claimants and Mrs. Fay. As it was said in that portion of the opinion which treats of the Fay appeal, in effect, that her funds, she being a bondholder, became a trust fund in the hands of the Banking Corporation so far as such funds are traced to the possession of the receiver, she is entitled to a preference to that extent, and that the amount of the funds so traced is $1,891.67, which is the same fund in which the escrow claimants are entitled to share, it would seem that the course to be followed by the trial court was indicated. We confess we might have been more specific and regret that we did not give a more express direction.

It follows that the order of the district court of December 14 was erroneous with respect to the amount to which Mrs. Fay is entitled. So far as this court is advised by the transcript, unless there are other claimants in the same class with the escrow claimants and Mrs. Fay, the sum of $1,891.67 should be distributed to the escrow claimants and Mrs. Fay in their proper proportions.

The order of December 14 in so far as it affects the Fay claim is reversed and the trial court is directed to proceed in accordance with this opinion.

*Reversed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.