PEREIRA, Appellant, *v.* WULF et al., Respondents.

(No. 6,359.)

(Submitted October 13, 1928.   Decided November 30, 1928.)

[272 Pac. 532.]

*Mr. William N. Waugh* and *Mr. John A. Shelton,* for Appellant, submitted a brief; *Mr. Shelton* argued the cause orally.

*Mr. N. A. Rotering* and *Mr. A. C. McDaniel,* for Respondents, submitted a brief; *Mr. McDaniel* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On March 12, 1928, M. I. Pereira commenced an action against John S. Wulf, Wulf-Alley Company, a corporation, Wulf Realty Company, a corporation, William C. Corin and Maud Opal Van Brockin (formerly Mrs. Corin), for the foreclosure of a mortgage on a house and lot in Butte, now standing of record in the name of Wulf Realty Company, which mortgage was given by the Corins as security for the payment of a promissory note for $1,250, with interest, etc., dated September 27, 1917, and due two years after date, or, if foreclosure of the mortgage cannot be had, plaintiff prays that he be awarded an equitable lien against the property described and that such lien be foreclosed, and, in either event, that he be awarded a deficiency judgment against the defendants who are nonsigners of the note and mortgage, upon the ground that Wulf was the confidential agent of plaintiff, in loaning the amount stated, charged with the duty of looking after the property and the loan, and was guilty of a breach of trust in not doing so, and further that the

two corporations were but cloaks under which Wulf carried on his personal business.

With the complaint on file as a basis, plaintiff moved the court for the appointment of a receiver to take charge of, protect and care for the property pending the final determination of the action and to collect and conserve the rents therefrom until the further order of the court. Corin and Mrs. Van Brockin defaulted. The remaining defendants opposed the motion by the filing of an affidavit made by Wulf, denying many of the allegations of the complaint, and asserting that the property is in the possession and under the control of plaintiff. This affidavit was answered by a counter-affidavit, and a hearing was had on the motion at which plaintiff introduced oral and documentary evidence in support of the allegations of his complaint. On the record made at the hearing and on the pleadings, the court made and entered an order refusing to appoint a receiver, from which order plaintiff has appealed. The sole question presented by this appeal is as to whether the court committed reversible error by its refusal to make the appointment.

Section 9301, Revised Codes of 1921, specifies and defines the cases in which a court may appoint a receiver; those bearing upon the instant case being: 1. In actions by persons enumerated to subject any property or fund to the claim of the plaintiff, where the right "is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured. 2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

No useful purpose would be served by cumbering this opinion with a recital of the allegations of the complaint and affidavits filed or of the facts brought out on the hearing;

suffice it to say that thereon the court might have found that all of the defendants were insolvent, that the condition of the mortgage has not been performed, and that the property is insufficient to discharge the mortgage debt. If the action was only for the foreclosure of the mortgage and plaintiff's right thereto was clear, such a showing might justify the appointment of a receiver under the authority conferred by the statute and upheld by many of the authorities, even though the mortgage does not cover the rents or entitle the mortgagee to possession prior to foreclosure and sale. (See note, 26 A. L. R. 33.)

However, the record discloses that the period of the lien ▮ of the mortgage expired prior to the commencement of the action (sec. 8267, Rev. Codes 1921), the mortgage being dated September 27, 1917, and given to secure a note maturing two years after that date, by reason of the failure of the mortgagee to file the affidavit required by section 8267, within sixty days after September 27, 1927, and the land, which had passed to a subsequent purchaser, was freed from the burden of paying the mortgage debt. (*Morrison* v. *Farmers' etc. State Bank*, 70 Mont. 146, 225 Pac. 123; *Vitt* v. *Rogers*, 81 Mont. 120, 262 Pac. 164.)

Plaintiff contended that, in equity, the effect of section 8267 should be evaded by reason of the fact alleged that Wulf was his agent, charged with the duty of looking after the loan made by him, and that it was Wulf's failure to file the required affidavit which resulted in the lapsing of the mortgage security. The existence of such relation was denied by defendants as of the time the affidavit should have been filed, and, in addition to the suggested facts which might have been found by the court, the record might warrant a finding that any relation of principal and agent which might have existed between plaintiff and Wulf was terminated prior to September 27, 1927, and that the failure to file the affidavit was due to plaintiff's negligence.

Again, the imminent necessity for repairs upon the house in question for the prevention of material injury, was left in doubt, as the utmost that was shown was that the house might settle unless the foundation was repaired "within the next few months."

Plaintiff contends that Wulf might perfect tax title under sale to him for taxes in 1918; but, as the Wulf Realty Company was already the holder of title by deed from Corin and wife, executed immediately after the mortgage was given, plaintiff's position would not be altered by tax deed to Wulf, if he should ultimately establish his claim that the realty company was but the *alter ego* of Wulf and that he is entitled to an equitable lien upon the property and to its foreclosure as against both Wulf and the realty company.

Again, if plaintiff was in possession of the property with the consent of the realty company, no good purpose would be served by the appointment of a receiver; on this question the evidence is meager, and the court might have found the one way or the other.

The court made no findings, and we are left to mere conjecture as to the grounds on which the court refused to appoint a receiver. With the record in this condition, let us see whether a case is here presented on which we can say that the trial court erred in its refusal.

Receivership is an extraordinary remedy of an ancillary character; the chief reason for its allowance being to husband the property in litigation for the benefit of the person who may ultimately be found entitled thereto. (*Lyon* v. *United States F. & G. Co.*, 48 Mont. 591, Ann. Cas. 1915D, 1036, 140 Pac. 86.) It is never a matter of right, but the application is always addressed to the sound legal discretion of the court (*Hartnett* v. *St. Louis M. & M. Co.*, 51 Mont. 396, 153 Pac. 437), which discretion is to be exercised sparingly and with unusual caution (*Montana Ranches Co.* v. *Dolan*, 53 Mont. 397, 164 Pac. 306), and only to prevent manifest wrong immediately impending, or in case it is made to ap-

pear clearly that plaintiff is in danger of suffering irreparable injury, and there is no other plain, speedy and adequate remedy available (*Masterson* v. *Hubbert*, 54 Mont. 613, 173 Pac. 421). In the first instance, the burden is upon the party seeking the appointment of a receiver to show to the trial court that he has a case coming within the statute and the above rules, and, on appeal, the burden rests upon the appellant to show that the court abused its discretion. (*Montana Ranches Co.* v. *Dolan,* above.)

While the court might have gleaned enough from the record to have warranted it in the appointment of a receiver, and, had such action been taken, we might have been constrained to affirm its action under authorities cited by plaintiff, we cannot say that there is a manifest abuse of the court's sound, judicial discretion here shown, or that, situated as was the trial judge, we would have made any different order from that made by the trial court.

For the reasons stated, the order from which this appeal is taken is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.

Rehearing denied December 19, 1928.