## IN RE McCRACKEN'S ESTATE.

(No. 6,591.)

(Submitted April 9, 1930. Decided April 30, 1930.)

[287 Pac. 941.]

*Mr. Rudolph Nelstead,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. Daniel L. O'Hern,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

On September 20, 1928, the executor of the estate of J. C. McCracken, deceased, filed his petition for an order of sale

of real estate, and on October 6 an order of sale was duly entered. On December 1, 1928, the executor filed his return and account of sale, together with a petition for confirmation. The return of sale and petition came on for hearing on December 19, 1928, at which time appellant appeared in open court and submitted his offer in writing to buy the real estate for a sum more than ten per cent in excess of the bid made to, and accepted by, the executor at the sale made pursuant to order of court, and deposited in court ten per cent of the amount bid. After hearing, the bid of appellant was accepted by the court and an order made and entered confirming the sale to him and directing the executor to execute a deed to the purchaser upon payment of the balance due.

The executor having refused to execute a deed as directed by the order of confirmation a petition was filed setting forth the facts demanding the suspension of the executor, and, on May 6, 1929, an order suspending the executor was made and entered. On May 7, the executor filed a petition praying for an order of court vacating the previous order confirming the sale to appellant. On July 1, a hearing was had, apparently upon both petitions, although notice of the application to vacate the order of December 19, 1928, had not been served. The money which appellant had deposited in court at the time of submitting his bid, and later delivered to the executor, was repaid to Brink's attorney and the order of confirmation vacated and a resale ordered. The minute entry of July 1, among other things, recites: "The court ordered that the previous sale of real estate to Arthur Brink be vacated and a new sale is ordered. New sale to be held at public auction. Executor to be held responsible for bid in amount equal to the amount bid by Mr. Arthur Brink of $2,505.00." On July 12, 1929, the court made and filed a formal order vacating the order confirming the sale to appellant. On September 7, 1929, notice of appeal was filed from the order of July 12.

Respondent has filed a motion to dismiss the appeal for the reason that it was not taken within sixty days after the order vacating the order of confirmation of sale, as provided by subdivision 4, section 9732, Revised Codes 1921, as amended by Chapter 39, Laws of 1925.

It is conceded that the appeal was not taken within sixty days after July 1; but counsel for appellant contends that the order of July 12 "is the only order in the record vacating and setting aside the order confirming sale of real estate to Arthur Brink, and it is from this order and not from the minute entry * * * this appeal has been taken."

We are of the opinion that the order of July 1 was a final order (subd. 3, sec. 9731; Rev. Codes 1921), and the subsequent order of July 12 did not alter or amend the previous order, or extend the time within which the appeal should have been taken. (*State ex rel. State Highway Commission* v. *Speidel, ante,* p. 221, 286 Pac. 413.) Subdivision 4 of section 9732, supra, provides that an appeal from an order of the character here involved must be taken "within sixty days after the judgment or order is made or entered, or filed with the clerk," and since the appeal here was not taken in time, the motion to dismiss must be sustained, and the appeal dismissed.

ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, takes no part in the above decision.

Rehearing denied May 27, 1930.