LITTLE, Respondent, *v.* LITTLE, et al., Appellants.

No. 9077.

Submitted June 18, 1951. Decided July 28, 1951.

234 Pac. (2d) 832.

Messrs. Rognlien and Murray, Kalispell, for appellants.

Mr. T. H. MacDonald, Messrs, Baldwin and Baldwin, all of Kalispell, for respondent.

Mr. Marshall H. Murray and Mr. T. H. MacDonald argued orally.

MR. JUSTICE BOTTOMLY:

This is an appeal from an order refusing to vacate an order appointing a receiver.

*The Complaint.* June 26, 1950, complaint was filed in the district court of Flathead county, Montana by Winifred A. Little, as plaintiff, against Walter L. Little and L. E. Little, defendants, alleging: That plaintiff is the owner of an undivided one-half interest in one 33 foot Spartan Royal Mansion House Trailer, serial No. 33-49-492, subject to a conditional sales contract, dated January 6, 1949, on which there is a balance due of eight monthly payments at $140.22 per month, which installments plaintiff avers she is informed have been made in full up to date; that plaintiff acquired a one-half interest in said personal property by the payment thereon of $1,000.00 in cash and she also paid $380.00 in cash on the furnishings in the trailer; that at the time of the purchase thereof plaintiff and

defendant were married and residing in the state of Washington; that under the laws of such state the trailer became community property owned equally by the husband and wife; that since acquiring the property by an order of the Superior Court of Benton County, Washington, in an action brought by the wife against her husband, the parties were divorced; that said court ordered and decreed that the defendant Walter L. Little return the trailer house to the state of Washington, and that the trailer be sold within 60 days of the date of said order, which was duly entered on the 2nd day of September 1949; that defendant removed the said trailer house to Flathead county, Montana, where it now is; that defendant has refused to return the trailer to the jurisdiction of the court in Washington, or to make any payment as provided in the court's order and decree, a copy whereof is attached to the complaint; that the defendant Walter L. Little refused to deliver possession of said personal property to the plaintiff; that he has taken the same from her possession; that he has mortgaged it to his father, L. E. Little, one of the defendants herein, for the sum of $6,000.00; that unless a receiver is appointed to take possession of said trailer and conserve and sell the same, the defendant Walter L. Little will, as plaintiff is informed and verily believes, remove the same from the jurisdiction of the district court of Flathead county so as to deprive the court of any power in the premises, and that plaintiff is without funds or means to put up money for a bond.

Without any further showing for the necessity of a receiver, and on the 26th day of June, 1950, the district court of Flathead county issued an order appointing Richard Walsh, sheriff of Flathead county, Montana, as receiver to take into his possession the described trailer.

August 22, 1950, the district court of Flathead county sustained part of the demurrer of defendant Walter L. Little to the complaint. August 23, 1950, plaintiff served and filed an amended complaint.

The oath of sheriff Richard P. Walsh was subscribed and

sworn to before the deputy clerk of court on the 20th day of November, 1950 but not filed until *December 8, 1950,* on which date he made return as follows:

"I hereby certify that I received the annexed order appointing Receiver on the 26th day of June, 1950, and that I executed the same by seizing and taking into my possession 1 — 1949 Spartan Royal Mansion Trailer Coach, with electric refrigerator, serial number 33-49-492, and that I still retain the same, have the same fully covered by insurance against fire, theft and general insurance against loss and am holding it until the further order of this court.

"Signed at Kalispell, Montana, *this 30th day of November,* 1950.

> "Richard P. Walsh
> Sheriff of Flathead County
> Receiver and as Receiver."

November 22, 1950, defendants filed and noticed their motion to dissolve and vacate the order appointing the receiver. December 8, 1950, the order appointing receiver issued June 26, 1950, was filed with the clerk. Defendants' motion to dissolve and vacate the order appointing receiver was heard by and submitted to the court December 20, 1950, and by order made January 25, 1951, was denied. March 12, 1951, notice of appeal to this court from the last mentioned order of January 25, 1951, was served and filed.

In this court plaintiff has filed a motion to dismiss the appeal on the grounds: That defendants' motion to vacate the order appointing the receiver was made more than sixty days after the order making the appointment dated June 26, 1950; that defendants' motion to dissolve and vacate the receivership was dated November 22, 1950; and that said motion to vacate the order appointing a receiver was based upon conditions existing at the time the order appointing receiver was made and not upon facts occurring subsequent to the making of the original order.

However, defendants are not appealing from the original order dated June 26, 1950, but not filed with the clerk, R. C. M.

1947, sec. 93-8004 until December 6, 1950, but their appeal is from the order dated and filed January 25, 1951, denying defendants' motion to vacate the order appointing the receiver.

R. C. M. 1947, sec. 93-8003, *inter alia,* provides that an appeal may be taken "from an order * * * refusing to vacate an order appointing * * * a receiver". Compare, State ex rel. Rankin v. Banking Corporation, 80 Mont. 49, 50, 51, 257 Pac. 1020.

R. C. M. 1947, sec. 93-8004, specifies such an appeal may be taken "within sixty days after the order * * * is made *and* entered in the minutes of the court *filed with the clerk."* Emphasis supplied.

The court's order here under consideration was made *and* entered by the clerk on January 25, 1951. The notice of appeal herein was timely. It was dated, served and filed March 12, 1951. The motion to dismiss the appeal being without merit is denied. Compare: Helena Adjustment Co. v. Predivich, 98 Mont. 162, 37 Pac. (2d) 651, 652; Taintor v. St. John, 50 Mont. 358, 363, 146 Pac. 939; Forrester v. B. & M. Co., Mont. 430, 434, 435, 56 Pac. 868.

The next question is: Did the district court have jurisdiction to make the order appointing a receiver?

Here plaintiff is suing on a foreign judgment of the Superior Court of Benton county, Washington, dated and filed September 2, 1949. This judgment assumes to grant a decree of divorce to plaintiff against defendant and a like decree to defendant against the plaintiff. It next assumes to order the defendant Walter L. Little to return the Spartan house trailer to Benton county, Washington, not later than a date certain to there be sold and the money equally divided between the parties. The court further ordered that should the defendant fail to return the house trailer as directed, plaintiff be awarded $1,000 by way of alimony, *in lieu of all other payments for her interest in the community property of the parties.* The court next decreed that plaintiff have a specific lien on another separate and distinct trailer described as a "Covered Wagon house trailer then situated at 231 'H' Avenue, North Richland, Washington,"

and it restrained and enjoined the defendant from removing the last described trailer being the one on "H" avenue pending settlement. The court then further ordered, adjudged and decreed that the plaintiff Winnifred A. Little shall relinquish possession of the certain Covered Wagon house trailer belonging to the defendant by September 3, 1949.

Whatever interest the plaintiff had in the Spartan house trailer was merged in the judgment and decree of the Benton county court dated September 2, 1949.

There resulted from the Benton county court's order, judgment and decree just one clear-cut judicial determination, namely, that the defendant Walter L. Little, not having returned the Spartan house trailer to Benton county, Washington, now owes to the plaintiff, Winnifred A. Little, the sum of $1,000.00. This suit is on that foreign judgment and for the debt obligation therein imposed. The subsequent order of the Benton county, Washington court dated and filed December 22, 1949, neither modified nor annulled the judgment and decree of September 2, 1949, but was implementing directive to defendant.

The instant action brought in the district court of Flathead county to recover a debt. is a straight law action regardless of the nature of the original cause instituted in the state of Washington. See 3 Freeman on Judgments (5th Ed.) section 1447, page 2979. As was said in Titus v. Wallick, 306 U. S. 282, 291, 59 S. Ct. 557, 562, 83 L. Ed. 653: "The suit upon it [the foreign judgment] is upon a different cause of action from that merged in [such foreign] judgment." See Vaughn v. Osborne, 103 Okl. 59, 229 Pac. 467; 30 Am. Jur., Judgments, sec. 144, p. 896, and cases cited; 50 C. J. S., Judgments, sec. 870, p. 445; 15 R. C. L. sec. 381, p. 902.

There is no jointly owned property here. Whatever interest plaintiff had in this Spartan house trailer was merged in the Washington court's judgment and decree. All plaintiff has in her Montana action is a suit on the debt created by the judgment and all she may seek here is a money judgment.

One cannot rightfully procure a receiver for property in which

 one has no interest. See, Lyon v. United States F. & G. Co., 48 Mont. 591, 140 Pac. 86, Ann. Cas. 1915D, 1036. This court has consistently held that where, as here, the action is merely for the collection of a judgment debt the relief by receiver does not lie. The statute providing for the appointment of receivers, R. C. M. 1947, sec. 93-4401, has been on the books for many years, and as far back as 1894 this court carefully analyzed each of its divisions to determine whether any authority could be found therein for the appointment of a receiver in an action on debt; and this court has declared that no such authority exists under the laws of this state, or can be found in the text or context of the statute. Regardless of what the courts of other jurisdictions may hold, the rule is well established here. Compare: State ex rel. New York Sheep Co. v. Eighth Judicial District Court, 14 Mont. 577, 594, 37 Pac. 969; Berryman v. Billings Mutual Heating Co., 44 Mont. 517, 121 Pac. 280. See: Scholefield v. Merrill Mortuaries, Inc., 93 Mont. 192, 207, 17 Pac. (2d) 1081; Blood v. Blood, 110 Mass. 545, 547; High on Receivers, 4th Ed., sec. 20, p. 28, sec. 41, p. 60, sec. 755, p. 897.

Here the plaintiff has a plain, speedy and adequate and complete plete remedy at law. Even in an equitable action, this court has consistently stated that because of the extraordinary harshness of the remedy (by receiver) courts of equity have been reluctant to apply it. If the applicant has any other remedy, the application will be denied, since the remedy by receivership is an extraordinary one, never to be allowed except upon a showing of necessity therefor. Prudential Securities Co. v. Three Forks etc. R. Co., 49 Mont. 567, 144 Pac. 158.

Here all the court had before it was the allegation in the complaint "that unless a receiver is appointed to take possession of said trailer and conserve and sell the same, the defendant, Walter L. Little, will, as plaintiff is informed and verily believes, remove the same from the jurisdiction of this court so as to deprive the court of any power in the premises * * *". There is no affidavit or statement of facts or circum-

stances alleged; the allegation is a mere conclusion of the pleader and is far short of a statement of facts to be proved in order to authorize a court to appoint a receiver. See, Bushman v. Bushman, 311 Mo. 551, 279 S. W. 122.

Chief Justice Brantly stated the rule in Brown v. Erb-Harper-Rigney Co., 48 Mont. 17, p. 27, 133 Pac. 691, 694, as follows: "The remedy of a receivership, *drastic* and *violent* as it is in effect, because it *deprives* the *defendant* in limine *of the possession of his property,* should not be allowed *in any case* except upon a *statement of facts* showing that it is necessary to prevent injury to the rights of the plaintiff pending the action. 'The power to appoint a receiver is to be exercised sparingly and not as of course. *A strong showing* should be made, and even then the authority must be exercised with conservation and caution.' " Emphasis supplied. Hickey v. Parrot Silver & Copper Co., 25 Mont. 164, 64 Pac. 330; Benepe-Owenhouse Co. v. Scheidegger, 32 Mont. 424, 80 Pac. 1024. Compare: Stoner v. Hannan, 113 Mont. 210, 219, 127 Pac. (2d) 233; Doggett v. Johnson, 72 Mont. 443, 234 Pac. 252; Pereira v. Wulf, 83 Mont. 343, 348, 272 Pac. 532; Masterson v. Hubbert, 54 Mont. 613, 173 Pac. 421; High on Receivers, sec. 755, p. 897.

The reason for this rule of certainty of proof of the conditions ▪ precedent to the exercise of this power of a court in appointing a receiver is that the power is purely auxiliary and as such directs the possession and right of enjoyment of property to be transferred from the legal owner to a stranger—the receiver. The character of this power when exercised requires a greater delicacy of discrimination and a greater responsibility of the court than most any other power conferred upon a court. For these reasons every requirement of the proof of the necessity must be meticulously complied with in order to confer jurisdiction and stay within the due process of law. Compare: Bushman v. Bushman, supra; Hackler v. Farm & Home Savings & Loan Ass'n, 6 F. Supp. 610, 614.

We do not approve of appointing receivers from the ranks ▪ of sheriffs and other public officers of the state.

Under the facts in this case legal remedies were and are available to plaintiff, but she was not entitled to have a receiver appointed. Accordingly the order refusing to vacate the order appointing the receiver is set aside and the order appointing the receiver is vacated. Let remittitur issue forthwith.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICE FREEBOURN, concur.

MR. JUSTICE ANGSTMAN, (dissenting).

In addition to the facts set forth in the majority opinion it should be noted that the complaint contained a second cause of action seeking possession of certain described personal property other than the trailer in question. The Washington decree entered on September 2, 1949, dealt with a second trailer. It adjudicated rights in favor of, as well as obligations against, defendant Walter L. Little. It required plaintiff to relinquish possession of a certain Covered Wagon house trailer belonging to defendant Walter L. Little. It required him to return to plaintiff the items of personal property which she described in her second cause of action and which she alleged had not been returned to her. Defendant Walter L. Little recognizes the Washington decree only so far as it is favorable to him.

The decree provided that the alternative judgment of $1,000 "shall be a specific lien on all property of the defendant within the state of Washington."

On December 22, 1949, the Washington court after hearing entered another order which the majority opinion labels an "implementing directive." That order commanded defendant Walter L. Little to deliver the trailer in question here to Warren E. Dunning at Richland, Washington for the purpose of sale through the agency of Warren E. Dunning. It further provided:

"That said Warren E. Dunning shall have possession of said House Trailer for the purpose of sale for and on behalf of the plaintiff, Winnifred A. Little and the defendant, Walter L. Little, with the right and privilege to place the same upon his

lot near 4410 Columbia Avenue, west of Kennewick, Washington; that such sale shall be conducted by Warren E. Dunning for less than $2,500.00 net, after deduction of all costs of sale.

"That return of the sale shall be made to this Court when made and the monies paid into the registery of this Court for distribution as ordered by the Court."

If that order be properly characterized as an "implementing directive" it is still a directive wholly inconsistent with the idea that plaintiff must now be relegated to a money judgment for $1,000 in lieu of her one-half interest in the trailer.

I think the order of December 22 in effect modified the decree of September 2 because of irreconcilable conflict between the two. Under the order of December 22 defendant was obligated not to pay $1,000, but to surrender the trailer to Mr. Dunning for sale.

When the motion to dissolve the order appointing the receiver was heard by Judge King the answer of defendant L. E. Little on file showed that not only the trailer in question here but also the Covered Wagon house trailer on which plaintiff had a lien were then in Lincoln county, Montana, and both included in a mortgage executed by defendant Walter L. Little to his father L. E. Little.

Did the court err in appointing a receiver? I think not.

R. C. M. 1947, sec. 93-4401, authorizes the appointment of a receiver: "1. In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured".

The court recited in the order of appointment that there is immediate danger that the property in question will be removed beyond the jurisdiction of this court. The allegations of the complaint warranted this finding. The court was fully warranted under the showing made in the complaint to appoint a receiver *pendente lite* under section 93-4401.

I do not believe it can be said that under the order of the Washington court as modified on December 22 plaintiff must accept a money judgment in lieu of her one-half interest in the trailer. I doubt whether it would be competent for the court to summarily dispose of plaintiff's interest in community property in this fashion except of course that it could do so by giving plaintiff the option to accept the alternative judgment. But if plaintiff be for any reason compelled to accept the $1,000 alternative judgment, still under the circumstances here presented it was proper to appoint a receiver. The decree provides that should defendant fail to return the trailer house, "that the plaintiff be awarded $1,000.00 by way of alimony in lieu of all other payments for her community interest in the community property." The decree it should be noted was specific in characterizing the $1,000 as alimony.

R. C. M. 1947, sec. 21-140, provides: "The court or judge may require the husband to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case."

This proceeding is merely one in aid of the matrimonial action tried in Washington and in such actions it is proper for the court in its discretion to appoint a receiver to take possession of property necessary to the protection of plaintiff's rights. 45 Am. Jur., Receivers, sec. 43, p. 40, sec. 150, p. 124; Nichols v. Superior Court, 1 Cal. (2d) 589, 36 Pac. (2d) 380, 95 A. L. R. 894.

While there are authorities to the contrary, the better reasoned cases, as well as the decided weight of authorities, hold that the courts will enforce the judgment of a sister state awarding alimony by the same equitable remedies that it would apply to the enforcement of a domestic decree. Fanchier v. Gammill, 148 Miss. 723, 114 So. 813; Creager v. Superior Court, 126 Cal. App. 280, 14 Pac. (2d) 552; Bruton v. Tearle, 7 Cal. (2d) 48, 59 Pac. (2d) 953, 106 A. L. R. 580; Ostrander v. Ostrander, 190 Minn.

547, 252 N. W. 449; German v. German, 122 Conn. 155, 188 A. 429; Cousineau v. Cousineau, 155 Or. 184, 63 Pac. (2d) 897, 109 A. L. R. 643; Shibley v. Shibley, 181 Wash. 166, 42 Pac. (2d) 446, 447, 97 A. L. R. 1191.

In the last cited case the Supreme Court of Washington had before it a California decree and said: "Plaintiff is entitled to recover in this case for the amount already accrued and due according to the allegations of her complaint, the judgment to provide for its enforcement as a judgment or decree in equity. We adopt this procedure, not on account of the rule of comity enjoined by the full faith and credit clause of the Federal Constitution, but because, as a matter of public concern and equitable power, the enforcement in this state of such decrees for alimony and support money should not depend solely upon ordinary execution, but that the common practice in this state with respect to all the remedies for the enforcement of such decrees as if originally entered here should be followed and enforced."

In the Ostrander Case, supra, the court had before it a South Dakota decree awarding alimony. In reciting the purpose of the action in Minnesota the court said: "The purpose of this action is, not to recover that amount as a debt by ordinary judgment and execution, but to compel its payment through whatever power our courts may have, on the equity side, to resort to sequestration, receivership, or even contempt proceedings, against defendant." The court in holding that the Minnesota courts could enforce the judgment the same as if originally entered in Minnesota said:

"Because of the nature of defendant's obligation and its origin, the enforcement of his duty is as much in need of attention by sovereign power as though he had remained in South Dakota. Transplantation of the parties from one state to another has not reduced the obligation to the ordinary category of 'a debt of record.' Contra, [3] Freeman on Judgments [5th Ed.], sec. 1447. Migration of the parties across a state line has wrought no change in the nature and basis of the obligation. Its purpose remains the payment of alimony needed for the

support of a former wife and the child of herself and her debtor. To the ordinary mind, untroubled by legal nuances, the money due from defendant remains alimony wherever they or either may be. We prefer that nontechnical view which regards the substance of the matter as unchanged by mere removal of the debtor across a state line.

"* * * But we decline debate as to how little we can do for plaintiff and yet comply with the full faith and credit mandate. In view of her plain right, and the need for its enforcement, not only in justice to her and her child, but also to vindicate our system of interstate comity, we prefer only to inquire whether our district court has adequate power to give plaintiff the remedy which the nature of her claim commends as just.

"The decree ordered below is distinctly one ordering the payment of alimony to a divorced wife. It is just as much a need here of society and justice that such alimony be paid, as it was in South Dakota, when the original decree was entered. Defendant's duty to plaintiff was fixed originally by the South Dakota decree. In neither ethical nor legal quality would his obligation be otherwise had it been imposed by a Minnesota judgment. The only difference is that such a judgment would be directly enforceable against him without the preliminary process of another for its enforcement. The present action is of the latter nature. Its purpose is to get a local judgment, not strictly for the enforcement *here* of the South Dakota judgment, but that, because of that decree, the duty shall be binding upon defendant here as well as in South Dakota. The mandate enforced locally will be that of our own court. Only in that secondary sense does the court of one state, by its own process, enforce the judgment of another state.

"Now that plaintiff, her child, and defendants are residents of Minnesota, they are all within reach of the policy of this state as evidenced by its statutes. No reason occurs to sound sense (nor to 'sound public policy,' Holton v. Holton, 153 Minn. 346 [351], 190 N. W. 542, 41 A. L. R. 1415), why defendant

should not be compelled to pay just as he would be had the obligation been first imposed by a Minnesota court.''

I agree with what was said in the Cousineau Case, supra [155 Or. 184, 63 Pac. (2d) 904], where the Supreme Court of Oregon said: ''The defendant's duty was not diminished in any manner when he chose to come to our state, and, since both Washington and California are prepared to enforce the decrees of this state in exactly the same manner as we would do ourselves, we ought not to make our state a safe haven for those who seek to evade duties imposed upon them by the decrees of our neighboring states unless there is no escape from such an unhappy task.''

I think Judge King did not abuse his discretion in appointing a receiver to take possession of the property and hold it until the action is tried.

If costs are being incurred, as defendants contend, which plaintiff expects them to pay, they could all have been avoided by defendants exercising the privilege offered in the complaint of placing a bond in the sum of $1,500 in lieu of the trailer house.

Neither do I see any objection to appointing the sheriff as receiver where as here the only duties to be performed were those of holding the property. The only statute dealing with those who may or may not be appointed a receiver is section 93-4404 which in part provides: ''No party, or attorney, or person interested in an action can be appointed receiver therein without the written consent of the parties''.

It has been held under a similar statute that a sheriff is not an interested party and that he may be appointed. Crawford v. Crawford, Tex. Civ. App., 163 S. W. 115. When appointed, he acts and has the same authority as any other receiver. Teats v. Bank of Herington, 58 Kan. 721, 51 Pac. 219.

Thus far I have considered the case as if the appeal were properly before us.

It is my opinion that plaintiff's motion to dismiss the appeal should be sustained. The motion to dismiss the appeal presents the question whether defendants may sit supinely by and allow the time to expire within which to appeal from an order ap-

pointing a receiver and then long after that time has expired file a motion to vacate the order appointing the receiver on grounds existing when the order was made and by this method extend the time for a review of those questions.

The facts out of which this question arose are these.

The order appointing the receiver was made on June 26, 1950. It was entered in the minutes of the court on June 26. The order was served upon defendant Walter L. Little on June 26. The receiver took possession of the trailer on June 26. The next three or four months were used in disposing of demurrers and motions directed against the complaint and amended complaint. On November 13, 1950, each of the defendants filed a separate answer. Nothing was done with respect to the order appointing a receiver until November 21. On that day defendants filed a motion to dissolve and vacate the order appointing the receiver on several grounds. All of the grounds of the motion save one existed when the order appointing the receiver was made.

The one ground not existing when the order was made was that the purported receiver has "failed to qualify, account to the Court or otherwise act as an officer of the court so appointed." This ground was eliminated from consideration by the act of the receiver in filing his oath and a return showing that he had taken possession of the property in question. On January 25, 1951, the motion was denied. Notice of appeal was filed on March 12, 1951. Plaintiff has filed a motion to dismiss the appeal as coming too late.

R. C. M. 1947, sec. 93-8003, authorizes an appeal from an "order appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver".

By R. C. M. 1947, sec. 93-8004, an appeal from such an order must be made "within sixty days after the order * * * is made and entered in the minutes of the court filed with the clerk."

Here, as above noted, the order appointing the receiver was made on June 26, 1950, and the order was entered in the minutes of the court on that day. That was sufficient to start the run-

ning of the sixty-day period under section 93-8004. The filing of the order on December 8, 1950, did not extend the time within which to appeal from the order of June 26 appointing a receiver. In re McCracken's Estate, 87 Mont. 342, 287 Pac. 941; State ex rel. State Highway Comm. v. Speidel, 87 Mont. 221, 286 Pac. 413. But if it did, the time to have appealed therefrom would then have expired on February 8, 1951, and this appeal was not taken until March 12, 1951.

The motion to vacate was filed in November 1950. May defendants question the appointment on grounds existing when the appointment was made after the sixty-day period, by filing a motion to vacate after the sixty-day period and then appeal from the order refusing to vacate?

In Forrester v. Boston & M. Co., 22 Mont. 430, 56 Pac. 868, this court answered the question in the affirmative. But in that case the law furnished no appeal from the order appointing the receiver. There the order appointing the receiver was entered on December 15, 1898. At that time the law did not provide for an appeal. In February 1899 a motion was made to vacate the order. On February 28, 1899, the law was amended to read as it now is. The court in that case held it was proper on the appeal from the order refusing to dissolve and vacate the order to consider matters which were before the district court when it made the order appointing the receiver. It did so however by stressing the circumstance that in that case there was no appeal from the order appointing the receiver.

In the later case of Forrester v. Boston & M. Co., 24 Mont. 148, 60 Pac. 1088, 1089, 61 Pac. 309, in speaking on the same subject the court said: "The statute should be understood also as creating the right to appeal from an order refusing to vacate the order of appointment where the motion to vacate is based, not upon the conditions existing when the order was made, but upon facts occurring subsequently to the making of the original order * * *."

Defendants contend that when the two opinions are read and considered together, and since the word "also" is used in the

quotation made from the last opinion, what the court intended was to allow a review of matters which were before the district court when it made the order appointing the receiver and also matters subsequently arising. Assuming that such is the proper interpretation of those opinions, they do not reach the point before us where as here the statute provided for an appeal from the order appointing the receiver.

It is my opinion that in order to review matters existing when the order appointing the receiver was made, an appeal must be taken from that order within the statutory sixty days. A party may not allow the time to appeal to pass and then file a motion to vacate on grounds existing when the order was made and upon an adverse ruling appeal from the order refusing to vacate, and thus extend the time for review of those matters beyond the time provided for by statute.

I recognize the rule that an order made without jurisdiction is void and may be questioned at any time.

The first ground of defendants' motion was: "That such appointment is void and unauthorized by law." That is but a conclusion of law. Furthermore it does not question the jurisdiction of the court. Certainly the court had jurisdiction of the subject matter and of the parties when the complaint asking the appointment of a receiver was filed.

If the order appointing the receiver be subject to the infirmities relied on in the majority opinion, they do not add up to a want of jurisdiction but simply constitute error within jurisdiction. I think the time to appeal from such matters on grounds existing when the order was made expired on August 26, 1950, which was sixty days from the time the minute entry was filed with the clerk. But if the time to appeal starts from the time the order itself was filed, then the time to appeal expired on February 8 and this appeal was not filed until March 12.

MR. JUSTICE METCALF: (dissenting).

I believe the order of the trial court should be affirmed but

not for all the reasons stated in Mr. Justice Angstman's dissent.

Contrary to the statement in the majority opinion that "There is no jointly owned property here", I am convinced that the Washington judgment which is the basis of this suit divided the community property and gave the husband and wife an interest in the Spartan house trailer. "In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable". Rem. Rev. Stat. (Wash.), sec. 989.

The Washington court's decree is more than a debt. It is just as if there were a partition suit and the court decreed that the property should be sold. One party would not lose his interest in the property and be forced to rely on the credit of the other party. Here until this trailer house was sold in accordance with the decree and the money paid into the Washington court the husband and wife have each a proprietary interest. It was that interest awarded her by a judgment and decree of a Washington court that this wife sought to enforce. This is not alimony in the sense that "alimony" is used in our statute as a provision "for the maintenance of the children of the marriage" and "allowance to the wife for her support". R. C. M. 1947, sec. 21-139. This was a division of the community property and that is not alimony. Kunc v. Kunc, 186 Okl. 297, 97 Pac. (2d) 771. It is my opinion R. C. M. 1947, sec. 21-140, has no application.

Perhaps this wife could have waived her interest in the trailer and sued for a debt. In that case attachment would have been proper. But she is not compelled to do so. Here was property jointly owned. Here was property that had already been removed from the jurisdiction of one court and could reasonably be deemed to have been in danger of being again removed. In such a situation R. C. M. 1947, sec. 93-4401, authorizes the appointment of a receiver.